Statement of Facts.'

MARY ROBB ET AL. v. CONNELLSVILLE. BOR.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS
OF FAYETTE COUNTY.

Argued May 14, 1890—Decided October 6, 1890.
[To be reported.]

1. The reasonable care which the law exacts of all persons, in whatever they do involving the risk of injury, requires travelers on the footways of public streets to look where they are going; especially, when they are about to step upon the crossing of an intersecting street, where they are bound to expect the continuity if not the level of the pavement to be broken.

2. A plaintiff, suing for an injury received by falling over the footway of a street crossing, raised six inches above the level of the footway upon which she was walking, should be nonsuited for contributory negligence, when it appears from her own testimony that she could have seen the obstruction had she looked where she was going, and that her fall resulted from a failure so to look.

Before STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 36 July Term 1890, Sup. Ct.; court below, No. 288 March Term 1886, C. P.

On February 19, 1886, Mary Robb and James Robb, her husband, brought case, in her right, against the borough of Connellsville, to recover damages for personal injuries suffered by Mrs. Robb, as she alleged, through the negligence of the defendant. The defendant's plea was not guilty.

At the second trial, on January 27, 1890, the following facts were shown upon the part of the plaintiff:

On the evening of October 15, 1885, Mrs. Robb, the plaintiff, who was sixty-four years of age and in the possession of all her faculties, was passing along Pittsburgh street in Connellsville. When she reached the intersection of that street with Peach street, she tripped and fell over the end of a plank walk which formed the foot-crossing of Peach street, as it reached Pittsburgh street, and received injuries in her fall. Some time before her injury, the borough authorities had

raised this walk so as to enlarge the capacity of the culverts running along the sides of Peach street, underneath it. As thus raised, the top of the plank crossing was above the level of the regular sidewalk on Pittsburgh street, and a person walking along that street would have to make an abrupt step upward of from four to six inches, to get upon the crossing.

Benjamin Pritchard, a witness for the plaintiffs being upon the stand, the plaintiffs' counsel offered to show by him " that shortly before the plaintiff fell at this place, on the street of Connellsville, other persons had fallen in a similar way to the way she fell, by stumbling on this elevation; this for the purpose of showing it was a dangerous place."

Mr. Boyd: We object that it is not competent.

By the court: Objection sustained; exception. [1]

The plaintiff, Mrs. Robb, testifying on her own behalf, stated that her accident occurred in the early evening, while it was still light enough to recognize people across the street and to count money; that it was light enough for her to have seen the obstruction if she had looked, but she did not know it was there, and therefore did not pay any attention to the pavement. Extracts from her testimony are quoted in the opinion of the Supreme Court, infra.

At the close of the testimony for the plaintiff, the defendant moved the court, Ewing, J., for a judgment of nonsuit:

By the court: The evidence here on the part of the plaintiff discloses the fact that this accident occurred at a street crossing, where care on the part of the foot passengers is especially required; and, the plaintiff herself having testified that she could have seen the obstruction if she had looked, and did not look, and that if she had seen it she could have avoided it, or could have easily surmounted it, I am of the opinion that the case discloses contributory negligence on her part, and the motion for compulsory nonsuit is therefore sustained. [2]

A motion to take off the nonsuit having been refused, the plaintiffs took this appeal, assigning for error:

1. The refusal of plaintiffs' offer. [1]

2. The refusal to take off the nonsuit. [2]

*Mr. Edward Campbell*, for the appellants:

1. A traveler has a right to presume that a highway in con-

stant use is reasonably safe for ordinary travel, and is not bound to look far ahead to avoid defects which ought not to exist: 2 Shearman & Redf. on Negl., § 375; Thompson v. Bridgewater, 7 Pick. 188; nor to keep his eyes constantly on the pavement: Woods v. Boston, 121 Mass. 337. The question whether the plaintiff was guilty of contributory negligence, was for the jury: West Chester R. Co. v. McElwee, 67 Pa. 311; Longenecker v. Railroad Co., 105 Pa. 328; Philadelphia v. Smith, 23 W. N. 242; Delaware R. Co. v. Jones, 128 Pa. 308; Turnpike Co. v. Railroad Co., 54 Pa. 345; Phila. etc. R. Co. v. Stinger, 78 Pa. 219; Schum v. Railroad Co., 107 Pa. 8; Lee v. Woolsey, 109 Pa. 124; Penna. R. Co. v. Coon, 111 Pa. 430; Taylor v. Canal Co., 113 Pa. 162; Neslie v. Railway Co., 113 Pa. 300.

2. That evidence of similar accidents to other persons, at the same place, caused by the same defect, is admissible, has been repeatedly decided: District of Columbia v. Armes, 107 U. S. 519; Quinlan v. Utica, 11 Hun 217; s. c. 74 N. Y. 603; Chicago v. Powers, 42 Ill. 168 (89 Am. Dec. 418); Augusta v. Hafers, 61 Ga. 48 (34 Am. Rep. 95); House v. Metcalf, 27 Conn. 630; Calkins v. Hartford, 33 Conn. 57; Darling v. Westmoreland, 52 N. H. 401 (13 Am. Rep. 55); Hill v. Railroad Co., 55 Me. 439; Kent v. Lincoln, 32 Vt. 591; Delphi v. Lowery, 74 Ind. 520 (39 Am. Rep. 98). The testimony excluded was proper to show that the walk, as tested by use, was dangerous and unsafe; it did not present a new issue upon which the defendant was not required to be prepared: Topeka v. Sherwood, 38 Alb. L. J. 143; Patterson's Ry. Acc. Law, 421; Gordon v. Railroad Co., 58 N. H. 396; Morse v. Railroad Co., 30 Minn. 465; 11 Am. & Eng. R. Cases, 168.

*Mr. R. E. Umbel* (with him *Mr. A. D. Boyd*), for the appellee.

Counsel cited: As to evidence of injuries to other persons: 1 Greenl. Ev., § 52; Lincoln v. Manufacturing Co., 9 Allen 181; Hawks v. Charlemont, 110 Mass. 110; Cutter v. Howe, 122 Mass. 541. As to contributory negligence: Beach on Cont. Negl., § 9; Cremer v. Portland, 36 Wis. 92; Butterfield v. Forrester, 11 East 60; Buzby v. Traction Co., 126 Pa. 559; Marland v. Railroad Co., 123 Pa. 487; Penna. R. Co. v. Bell, 122 Pa.

58; Moore v. Railroad Co., 108 Pa. 349; Reading etc. R. Co. v. Ritchie, 102 Pa. 425; Carroll v. Railroad Co., 12 W. N. 348; Morgan v. Railroad Co., 23 W. N. 189; Creed v. Railroad Co., 86 Pa. 139; Thirteenth St. Ry. Co. v. Boudrou, 92 Pa. 475; Baker v. Fehr, 97 Pa. 70; McCully v. Clarke, 40 Pa. 399; Phila. etc. R. Co. v. Hummell, 44 Pa. 375; Phila. etc. R. Co. v. Yerger, 73 Pa. 121; Catawissa R. Co. v. Armstrong, 52 Pa. 282; Goshorn v. Smith, 92 Pa. 435; King v. Thompson, 87 Pa. 365; Hoag v. Railroad Co., 85 Pa. 293.

OPINION, MR. JUSTICE MITCHELL:

That the reasonable care which the law exacts of all persons in whatever they do involving risk of injury, requires travelers, even on the footways of public streets, to look where they are going, is a proposition so plain that it has not often called for formal adjudication. But it has been expressed or manifestly implied in enough of our own cases to constitute authority for those who need it. Thus in Barnes v. Sowden, 119 Pa. 53, the court below instructed the jury that "persons who walk along the footways or cross the streets of our city are bound to use their own faculties. . . . . The plaintiff was bound to use her eyes. Not that she was to keep her eyes constantly and at every moment upon the pavement, but she was bound to do what people walking along the streets ought to do as they walk the streets in order to use them safely." It was held that even this instruction was, under the evidence, too favorable for the plaintiff, that the obstruction was such as she was bound to see, and that her negligence was too clear to be left to the jury. So, in the somewhat similar case of King v. Thompson, 87 Pa. 365, this court held that walking into an opening left for light and ventilation, and extending fifteen or sixteen inches from the wall of the house, was negligence per se, the present Chief Justice saying: "Persons using public streets ought also to exercise some little caution." In Dehnhardt v. Philadelphia, 15 W. N. 214, the judge below, who tried the case without a jury, said in his findings of law that the condition of the pavement "could have been seen by the plaintiff if she had given attention to it. . . . . The duty of vigilance is as obligatory on the citizen as on the municipality;" and this court said, in a per curiam opinion, that the law was correctly declared. In Philadelphia v. Smith, 23 W. N. 242,

the court below charged the jury that plaintiff could not recover "if there was negligence on her part . . . . . in walking without seeing where she was going;" and this part of the charge is quoted with approval by our Brother STERRETT in affirming the judgment.   See, also, Dickson v. Hollister, 123 Pa. 421, and Buzby v. Traction Co., 126 Pa. 559.

With the measure of duty thus established by our own cases, it is not necessary to discuss the numerous citations by appellant of more or less apposite decisions in other states.   The substantial question for our consideration is whether the plaintiff's negligence was so clear that the learned judge was right in determining it as a matter of law, or whether it ought to have been left to the jury.

The accident took place in the early evening, when, according to plaintiff's own testimony, it was light enough to recognize persons across the street, to tell the denominations of bank-notes, and to see and step upon the plank, if she had been looking.   In the course of reiterated descriptions of the occurrence, in her examination and cross-examination, she says: "I just stumped my toe, and fell.   I stumped my toe on something like a board step, I thought. . . . . I was just walking along, and went to step, and didn't step high enough, and away I went.   I just stepped as I was stepping along, as I always did as I was walking along. . . . . I could have seen it; it was light enough for me to have seen it, if I had known it was there; but I didn't know it was there.   I didn't pay any attention to the pavement. . . . . Wasn't looking or thinking of anything; only walking along.   Was just walking along, and went to step, and didn't step high enough, and caught my foot, and I went."   And so on through all this repetition of naïve and homely, but evidently truthful expressions, her description runs for fourteen printed pages without once, at any point, giving even a hint that she was looking or paying any attention to where she was going.   The precise place of the accident was one where she had to step from the foot pavement to the planked street crossing, where she was bound to expect the continuity if not the level of the pavement to be broken, and where it was therefore especially incumbent on her to use her eyes.   The general result of her own testimony clearly is that she was not paying such attention as the situation required.

Statement of Facts.

This is concisely and forcibly summed up by the learned judge in entering the nonsuit, and his action must be sustained.

Judgment affirmed.

