## Mary Hentz v. The Borough of Somerset, Appellant.

*Contributory negligence—Sidewalk—Care demanded of foot passenger.*

The reasonable care which the law exacts requires travelers on the footways of public streets to look where they are going, especially when they are about to step upon the crossing of an intersecting street where they are bound to expect that the continuity, if not the level, of the pavement will be broken.

The plaintiff's evidence disclosed a patent defect in a board crossing at the intersection of a street known to plaintiff and which had been there for at least a year. The plaintiff was accustomed to pass this crossing constantly, and while doing so one night without paying any attention to her going stumbled, fell and was injured. *Held,* that the evidence disclosed contributory negligence and that the defendant was entitled to binding instructions.

Argued May 5, 1896. Appeal, No. 8, April T., 1896, by defendant, from judgment of C. P. Somerset Co., on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Trespass for accident on sidewalk. Verdict for plaintiff for $775.

The following facts are stated from the opinion of the Superior Court:

The plaintiff, while walking along the street between 9 and 10 o'clock at night tripped upon one of the planks of a board street crossing and stumbling into a hole in the board walk some twelve feet from the place where she first tripped, fell and dislocated her shoulder. She knew of the hole being there, had noticed it for some time previous to her injury, perhaps a year. There was an electric light near the place but the shadow of the trees was thrown upon it. She frequently passed at this point and knew that the board crossing was there. She was not looking at the pavement but "was looking straight ahead." She testifies "I did not look for any object. When I go down the pavement I expect a good pavement." The cross walk was higher at both ends than the sidewalk and Mrs. Hicks, one of the plaintiff's witnesses, testifies that it had been

in this condition for two years. The plaintiff during this time frequently passed over this sidewalk. Mrs. Hicks says, "any one could have noticed that the planks were curled up." Dr. Louther, another of plaintiff's witnesses, testified, "The planks that were laid across the crossing were capped at either end for three or four inches." Viola Weimer, another of plaintiff's witnesses, said, "The ends of the planks stood up three or four inches—anybody going along there in daylight would notice it." The plaintiff lived on the same street on the same side upon which this crossing was laid. She was accustomed to traveling this pavement for twenty-one years. Yet with this pavement in this condition with which she must have been thoroughly familiar, she approached it without looking or apparently heeding where she stepped, stumbled, fell and sustained this injury.

*Error assigned* was answer to defendant's first point, which point and answer were as follows:

Under all the evidence in the case the verdict of the jury must be for the defendant. *Answer:* We cannot so instruct you. The point requests us to withdraw the case from your consideration and to direct a verdict for the defendant. We leave it to you on all the evidence, under the law as you receive it from us.

*F. J. Kooser* of *Kooser & Kooser*, for appellant, as to the question of contributory negligence, cited Burns v. Bradford City, 137 Pa. 366. The authorities required travelers to "look where they were going" "to use their faculties," "to use their eyes," and that they must see what they are bound to see, and that a foot passenger will be held guilty of contributory negligence in walking without seeing where he was going: Robb v. Connellsville, 137 Pa. 42; Haven v. Bridge Co., 151 Pa. 620.

*W. H. Ruppel* of *Coffroth & Ruppel*, for appellee.—The question of contributory negligence in this case was for the jury: Kohler v. Pa. R. R. Co., 135 Pa. 346; Ely v. Railway, 158 Pa. 233; Arnold v. Phila. & Reading R. R. Co., 161 Pa. 1; Evans v. City of Utica, 69 N. Y. 166. A case having many features in common with the present case and which establishes the right of the plaintiff to go to the jury is that of Altoona v.

Lotz, 114 Pa. 238.  Whether the plaintiff was guilty of negligence contributing to the accident was a question of fact for the jury: Shook v. Cohoes, 108 N. Y. 648 ; Evans v. Utica, 69 N. Y. 166.

OPINION BY REEDER, J., July 16, 1896 :

The only question raised by the assignment of error is, Was the plaintiff guilty of such contributory negligence, as disclosed by her testimony, as to have made it the duty of the court below to affirm the point submitted by the defendant asking for binding instruction to the jury.

(The court here stated the facts as recited in above statement.)

The plaintiff lived on the same street on the same side upon which this crossing was laid.  She was accustomed to traveling this pavement for twenty-one years.  Yet with the pavement in this condition, with which she must have been thoroughly familiar, she approached it without looking or apparently heeding where she stepped, stumbled, fell and sustained this injury.

The testimony, adduced by the plaintiff herself, shows such contributory negligence that the defendant's point asking the court to direct a verdict for the defendant should have been affirmed.  It is well established that any one knowing of a defect in a sidewalk is bound to protect himself from injury because of it, if it can be done by the exercise of ordinary care and prudence, and the absence of such prudence and care is contributory negligence.  A greater degree of care. because of the increase of danger, is required in stepping upon all crossings than in walking along a continuous and uninterrupted sidewalk.  The reasonable care which the law exacts requires travelers on the footways of public streets to look where they are going ; especially when they are about to step upon the crossing of an intersecting street, where they are bound to expect the continuity, if not the level of the pavement, to be broken: Robb v. Connellsville Boro., 137 Pa. 42.  In Dehnhardt v. Philadelphia, 15 W. N. C. 214, it was said, "The condition of the pavement could have been seen if she had given attention to it . . . . the duty of vigilance is as obligatory on the citizen as on the municipality."  In Philadelphia v. Smith, 23 W. N. C. 242, the Supreme Court held, "that the plaintiff

could not recover if there was negligence on her part in walking without seeing where she was going."

In Hill v. Tionesta Twp., 146 Pa. 11, it was held that one who undertakes to use a public road knowing that it is unsafe and knowing the defects that make it so, but not choosing to avoid them although he could do so by taking another road, cannot recover against the township for an injury resulting from such defects. It is useless to continue citing authorities in support of such well established principles of law. This defect was patent, not latent. It was as apparent to her as it was to every other citizen of that community. She had used this street for twenty-one years, and for two years prior to the injury it was as defective as it was the night the injury occurred, and this was as apparent to her as it was to any other passer-by, yet she not only passes over this defective part of the street at night when she could have passed on either side of it or upon the other side of the street, but she does so without looking at or thinking of the defective sidewalk.

There can be no doubt that this is contributory negligence.

Judgment reversed.