Thirza W. Shallcross, Appellant, *v.* The City of Philadelphia.

187    143
20 SC  343

187    143
f 22 SC  287

187    143
26 SC  519

187    143
e 33 SC  247

*Negligence—Municipalities—Defective sidewalk.*

In an action by a woman against a city to recover damages for personal injuries sustained by falling on a defective sidewalk, a nonsuit is properly entered where the evidence for the plaintiff shows that the accident occurred in the daytime; that at the place where plaintiff fell the paving had been displaced; that a stone block had been wedged in a hole and projected between four and six inches above the pavement, and that plaintiff fell over the block, although she could have seen it if she had looked.

Argued April 7, 1898. Appeal, No. 76, Jan. T., 1898, by plaintiff, from order of C. P. No. 3, Phila. Co., March T., 1897, No. 221, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Trespass for personal injuries.

The facts appear by the opinion of the Supreme Court.

The trial court entered a compulsory nonsuit and refused to take it off.

*Error assigned* was refusal to take off nonsuit.

*John M. Vanderslice*, with him *Chas. L. Smyth* and *Christopher H. Murray*, for appellant.—The case was for the jury: Glase v. City, 169 Pa. 488; Bruch v. City, 181 Pa. 588.

*Leonard Finletter*, assistant city solicitor, with him *Chester N. Farr, Jr.*, assistant city solicitor, and *John L. Kinsey*, city solicitor, for appellee, cited Buzby v. Traction Co., 126 Pa. 561; Robb v. Connellsville, 137 Pa. 42; Barnes v. Sowden, 119 Pa. 53; King v. Thompson, 87 Pa. 365; Delnhardt v. City, 15 W. N. C. 214; City of Philadelphia v. Smith, 23 W. N. C. 242; Dickson v. Hollister, 123 Pa. 421; Hentz v. Somerset Borough, 2 Pa. Superior Ct. 227; Lumis v. Traction Co., 181 Pa. 269.

OPINION BY MR. JUSTICE FELL, July 21, 1898:

The plaintiff claimed to have been injured by falling upon

the pavement at the corner of Franklin and Buttonwood streets. Her testimony and that of her witnesses showed that a slight cave-in had occurred in the surface of the foot-pavement at the side of a sewer inlet. At the outer edge of the pavement, close to the iron cover of the inlet, and near the crossing, was a hole into which some one had wedged a stone block which projected between four and six inches above the pavement. A number of bricks had been displaced and were lying loose on the surface around the stone. When about to step from the pavement to the crossing the plaintiff struck her foot against the projecting stone and fell. This occurred in the daytime. The stone was plainly visible, as was also the condition of the pavement around it, and the plaintiff admitted on cross-examination that she could have seen it if she had looked. This statement of facts gives to the whole testimony produced by the plaintiff the fullest effect favorable to her which can possibly be claimed for it, and it is upon it that the judgment of nonsuit must be considered as based.

In Robb v. Connellsville Borough, 137 Pa. 42, it was said by our Brother MITCHELL: "That the reasonable care which the law exacts of all persons in whatever they do involving the risk of injury requires travelers, even on the foot-ways of public streets, to look where they are going, is a proposition so plain that it is not often called for adjudication. But it has been expressed or manifestly implied in enough of our own cases to constitute authority for those who need it." This statement of the law has been cited with approval in a large number of cases, among the more recent of which are Lumis v. Traction Co., 181 Pa. 268, and Canavan v. Oil City, 183 Pa. 611, and it is decisive of this case. The plaintiff was bound to look where she was going; and if, as she testified, the stone block projected between four and six inches above the pavement, she either saw it or was negligent in not doing so. If she saw it and nevertheless tripped over it and fell, she was negligent in failing to avoid an obvious danger. The condition of the pavement, the bricks being displaced, should have been sufficient notice to her that caution was required.

The judgment is affirmed.