# Margaret Rick, by her next friend Joseph Schappert, *v.* City of Wilkes-Barre, Appellant.

*Municipal law—Defective highway—Measure of care.*

The measure of duty in the case of municipal corporations in reference to their streets is ordinary care, and the measure of care required from those who use them is the same.

Where a foot passenger knows of defects in sidewalk or cartway it is his duty to avoid such defects by passing around same. The question whether such care is exercised, as is measured by the conduct of an ordinarily prudent person under the circumstances, generally demands the free exercise of the judgment of the jury under proper instructions from the court.

*Municipal liability for defective highway—Question for jury.*

The question whether a party, who stepped from the sidewalk upon a grating in the cartway and slipped and fell therefrom, is guilty of contributory negligence is for the jury. and the appellate court will not disturb a verdict where the trial judge has left the questions of the city's negligence and the plaintiff's contributory negligence to the jury after having explained, in a clear and adequate charge, the degree of care required by each party.

In the case at bar the city maintained an iron grating over a drain at an angle of about thirty degrees to the level of the street. The plaintiff, to avoid a slippery pavement, stepped from the sidewalk on to the grating, and fell and broke her leg. Plaintiff knew of the grating, but alleged ignorance of its dangerous character in icy weather. *Held,* that the question of contributory negligence was for the jury.

Argued Jan. 10, 1899. Appeal, No. 12, Jan. T., 1899, by defendant, from judgment of C. P. Luzerne Co., Dec. T., 1894, No. 575, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed.

Trespass. Before BENNETT, J.

It appears from the evidence that plaintiff was injured by falling in one of the streets of the city of Wilkes-Barre, under conditions which are sufficiently set forth in the opinion of the court. Defendant submitted the following points:

[1. Where a foot passenger at night voluntarily and without necessity for so doing, steps from the sidewalk to the cartway of a city street, without knowing that it could be done in safety,

and is injured by an obstruction on the cartway, such foot passenger is guilty of such negligence as will prevent a recovery from the city. *Answer :* This point is correct as a general legal proposition based upon the facts assumed by it.] [1]

[2. The culvert, under the undisputed evidence in the case, was under the sidewalk, where LeGrand avenue intersects Main street, and the mouth of the culvert was about in the middle of the said avenue. The sidewalk on Main street adjacent to said avenue, under the undisputed evidence in the case, was in good condition, as well as the sidewalks along said avenue. The plaintiff has been over and along LeGrand avenue, from Main street to Hazle avenue, a number of times before the accident. The accident was in the night. It was therefore negligence for the plaintiff to step from the sidewalk to the cartway of LeGrand avenue without knowing that it could be done in safety, and it was her duty in the absence of such knowledge to leave the sidewalk on Main street where the sidewalks of LeGrand avenue intersect the same. Therefore under all the evidence the plaintiff cannot recover, and the verdict of the jury should be for the defendant. *Answer :* This point we refuse to affirm in its length and breadth as stated, and it is therefore unnecessary for us to read it.] [2]

Verdict and judgment for plaintiff for $691.60. Defendant appealed.

*Errors assigned* were to answers to defendant's first and second points, reciting them.

*C. F. McHugh,* for appellant.—Defendant was entitled to binding instructions by reason of the contributory negligence disclosed by her own account of the accident.

The defect in this alley was obvious. This plaintiff had gone over it, and ought to have known that it could not have been stepped on with safety on a night when she says it was very icy from the dripping from the eaves of Walter's house. She chose this route because it was the shorter way to her uncle's house, slipped on this iron grating, and sustained the injury for which she recovered the judgment in the court below. The fact as set forth in the testimony of the plaintiff and other witnesses called clearly brings this case within the rule laid down

in Erie City v. Magill, 101 Pa. 616, Hill v. Tionesta Township, 146 Pa. 11, Hentz v. The Borough of Somerset, 2 Pa. Superior Ct. 225, and Robb v. Connellsville Borough, 137 Pa. 42.

*John M. Garman*, with him *T. D. Garman*, for appellee.— The question of contributory negligence in this case was clearly for the jury: Easton v. Neff, 102 Pa. 474; Merriman v. Phillipsburg Borough, 158 Pa. 78.

The authorities quoted by the appellant do not sustain his contention. There is a wide difference between a temporary obstruction and a permanent construction. The presumption is that temporary obstructions are dangerous, while as to permanent constructions, the presumption is that they are safe.

OPINION BY BEEBER, J., February 17, 1899:

This is an action brought by plaintiff against defendant to recover damages for alleged negligence in constructing and maintaining a certain gutter and grate to draw the surface water from LeGrand avenue into Main street. It appears from the evidence that defendant constructed and maintained an iron gutter through the sidewalk of Main street where it crosses LeGrand avenue. The covered top of this iron gutter is on a level with the sidewalk, and it extends a short distance up LeGrand avenue. Over its mouth is an iron grate, whose base is two and three tenths feet wide, and length one and seven tenths feet, at an angle of about thirty degrees to the level of LeGrand avenue. The gutter which drained the surface water on LeGrand avenue was in the middle of the avenue and crossed the Main street sidewalk at that point.

Between 6 and 7 o'clock in the evening of February 5, 1893, the plaintiff came along Main street until she reached a point opposite to where LeGrand avenue enters it, when she crossed Main street for the purpose of going up LeGrand avenue. She first started to walk along the foot pavement of the avenue, but finding that she was slipping from the icy condition of the pavement she left it and undertook to walk along the middle of the cartway of the avenue. On leaving either the sidewalk of LeGrand avenue or of Main street, she stepped on the iron grate and fell and broke her leg. She had gone through this avenue many times before and knew of the

gutter being there, but did not know that the iron grate was as steep as it was.

The two assignments of error present the question whether the court below should have given binding instructions to the jury to return a verdict for the defendant on the ground that it was contributory negligence "for the plaintiff to step from the sidewalk to the cartway of the LeGrand avenue without knowing that it could be done in safety." Taking the points literally we would say that no case has been cited to us, nor have we been able to find any which shows that it is a rule of law that any one who steps off a sidewalk to walk in the cartway of a street without knowing that it can be done in safety is guilty of contributory negligence if he slips upon an obstruction in the cartway and is injured. If we consider that the points submitted raise the question whether the obstruction in this case was not such as to make its dangerous character visible, as appellant's counsel have done, and that the plaintiff, with full knowledge of its dangerous character, had deliberately attempted to walk over it, we do not think the evidence was such as to put the case in that class. The rule is well established that a foot passenger on the sidewalk of a city street who, with full knowledge of the dangerous character of an obstruction on the pavement, deliberately attempts to walk over it, when he could have avoided it by walking around it, and who falls and is injured in such attempt, is guilty of contributory negligence per se: City of Erie v. Magill, 101 Pa. 616. So also is he guilty of contributory negligence if it appears that he could have seen the obstruction had he been looking where he was going, and that his fall resulted from a failure so to look: Robb v. Connellsville, 137 Pa. 42. It is also clear that a greater degree of care is required of one about to step off or on a crossing than is required while walking along a continuous and uninterrupted sidewalk: Hentz v. Somerset Borough, 2 Pa. Superior Ct. 225. In all these cases, and in the many others to the same effect, it clearly appeared that the obstruction was known by the party injured to be dangerous, or that its dangerous character was plainly visible to any who had taken the pains to look. But in this case there was no such evidence. It is true the plaintiff knew that the gutter was there, and also probably knew that the grate was there,

but it nowhere appears that she knew of its dangerous character or that its dangerous character could have been seen by her had she been looking. The extent of care required of her was to be determined by the circumstances under which she was acting. It was at night. She had attempted to walk on the footwalk of LeGrand avenue, but had desisted because she felt her foot slipping on the ice. She then attempted to walk along the middle of the cartway, and in her attempt stepped upon the grate and slipped from it and fell. Under all this evidence we think it would have been error for the court to have told the jury that she was guilty of contributory negligence merely because she left the footwalk to walk in the cartway without knowing that it could be done with safety. Her case was much stronger than the plaintiff's in Borough of Easton v. Neff, 102 Pa. 474, where it is said: "In this case the plaintiff was quite familiar with the crossing, she had passed over it often, on her way to and from church; she says she knew it to be a place of danger, she was old and could not see well, the injury was received after night, and the night was dark. Did she exercise a proper measure of care? She was bound to use such care as a prudent person would have used under such circumstances. The measure of duty in the case of a municipal corporation in reference to its streets is but ordinary care, and the care of those who use them is the same, while the standard of the degree of care is to be measured according to the circumstances. For this reason the question of contributory negligence was peculiarly for the clear and free exercise of the judgment of the jury, under proper instructions from the court."

In the present case the court below in a clear and adequate charge explained the degree of care required of each party. The manner of the construction of the sewer and the placing of the grate and the degree of care required of the plaintiff under the circumstances were fully presented to the jury. It has found against the defendant on the question of its negligence, and of this finding the defendant does not seem to complain. It has found in favor of the plaintiff on the question of contributory negligence, and as we think it was proper to submit this question to the jury, we see no reason why the judgment should not stand.

Judgment affirmed.