## Smith *v.* Jackson Township, Appellant.

*Negligence—Townships—Bridges—Contributory negligence.*

It is the duty of a person driving on a bridge to keep his eyes open and his wits about him, and to look where he is driving.

A person who has knowledge of the existence of a hole in a bridge is not relieved from the duty of looking ahead by reason of the fact that in driving over the bridge a few hours before he had noticed that a board had been nailed over the hole.

It is not negligence per se for a driver of a wagon filled with milk cans to ride seated on the top of one of the cans ; but if he does so, he must use greater vigilance in looking where he is driving.

Argued Feb. 11, 1902. Appeal, No. 12, Feb. T., 1902, by

defendant, from judgment of C. P. Tioga Co., Jan. T., 1901, No. 2, on verdict for plaintiff in case of Alexander Smith v. Jackson Township.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Reversed.

Trespass to recover damages for personal injuries.   Before NILES, P. J.

The facts are stated in the opinion of the Superior Court.

Defendant presented these points :

7. If the jury believe from the evidence that the plaintiff had driven over the Wheeler bridge twice a day for three weeks next prior to and including the day of the alleged injury, and knew or ought to have known of the hole therein and its dangerous character, and that there was at the time of the alleged injury a sufficient and safe space in the roadway of said bridge beyond said hole, over which the plaintiff had formerly safely driven, and at the time of the accident could by the exercise of ordinary care and prudence have safely driven and avoided said hole and the injury complained of, then the plaintiff cannot recover.   *Answer :* As an abstract legal proposition this point would be affirmed, but we cannot affirm it as stated.   In applying it the jury should carefully consider all of the evidence in the case, and whether the evidence of the plaintiff, if believed, in reference to the board being over the hole relieved him in any degree from his duty in looking for and avoiding the hole in crossing the bridge at the time of the accident. You have this question wholly submitted to you and you are to determine under all of the evidence in the case whether the plaintiff was guilty of any negligence in crossing the bridge that in any degree contributed to the injury complained of.   If he was he cannot recover in this case.   We decline to affirm this point as stated. [1]

11. If the jury believe from the evidence that plaintiff knew of the hole in the bridge, and that he could have avoided it by the exercise of reasonable care, but failing to use such reasonable care, drove into, or allowed his horse to step into said hole, and thereby contributed to the injury complained of, he cannot recover.   *Answer :* This as an abstract proposition is affirmed. But in the determination of this question you will carefully consider all of the facts that have been given in evidence and

also determine in how far, if at all, the plaintiff was relieved from looking for and avoiding the hole in the bridge by reason of the board being nailed over it, if it was so nailed, as described by Wheeler and seen by the plaintiff on the morning of the accident. [2]

9. If the jury believe from the evidence that had it not been for the manner the plaintiff was riding on top of a milk can twenty-five inches high, and for his watching a certain woman and looking in the opposite direction from the way he was then going, or either of these, at the time he crossed the John Wheeler bridge, and at the time and place where the alleged injury is alleged to have happened, that the accident would not have occurred, then your verdict must be for the defendant. *Answer :* This point we decline to affirm as stated. The facts involved in it are for the jury. If you should find as a matter of fact that his riding on the milk can as described by the evidence and should further find that he was riding backwards at the time of his receiving the injury complained of, and should further find that these acts constituted acts of negligence which contributed to the injury complained of in any degree, your verdict should be for the defendant. But these facts are wholly for you, and as you find so will the case be determined. As we have said several times during the trial, we think that this case is a case peculiarly for the determination of a jury. [4]

10. If the jury believe from the evidence that the plaintiff at the time of the alleged accident was then seated on top of the milk can twenty-five inches high in a spring wagon and was then looking in the opposite direction from the way he was then going, or either of these, and if the jury further find from the evidence, that had plaintiff at the time of the alleged accident been seated in his wagon on an ordinary wagon seat and had been then observing his horse, road and driving, he would not have received the injury complained of, then the plaintiff cannot recover in this case, and the verdict must be for the defendant. *Answer :* This we decline to affirm. We have substantially answered it in our answer to the foregoing point. Was the plaintiff guilty of any negligence in the manner in which he crossed the bridge? If so, he cannot recover. Whether he was so negligent is a fact for your consideration and determination. [5]

12. Under all the evidence in this case the verdict of the jury must be for the defendant. *Answer :* This point is refused. We decline to take the case from you. We believe this is a case clearly for the jury. You will apply the legal principles as given to you by the court to the facts that have been given in evidence and render your verdict accordingly. [6]

Verdict and judgment for plaintiff for $1,500. Defendant appealed.

*Errors assigned* were (1, 2, 4, 6) answer to points. (3) Portions of charge quoted in the opinion of the Superior Court.

*E. H. Owlett* and *Norman H. Ryan*, with them *H. B. Leach* and *Walter Sherwood*, for appellee.—One who knows of the dangerous condition of a particular portion of a public highway, and could have avoided it by driving on the opposite side, is guilty of contributory negligence in driving over the defective portion : Brendlinger v. New Hanover Twp., 148 Pa. 93 ; Haven v. Pittsburg & Allegheny Bridge Co., 151 Pa. 620 ; Pittsburg Southern Ry. Co. v. Taylor, 104 Pa. 314 ; Forks Twp. v. King, 84 Pa. 233 ; City of Erie v. Magill, 101 Pa. 616 ; Hill v. Tionesta Twp., 146 Pa. 11 ; Fee v. Columbus Borough, 168 Pa. 382 ; Winner v. Oakland Twp., 158 Pa. 405 ; Bailey v. Brown Twp., 190 Pa. 530 ; Crescent Twp. v. Anderson, 114 Pa. 643 ; Snyder v. Penn Twp., 14 Pa. Superior Ct. 145.

We contend that if the plaintiff's riding on the milk can, or neglect of driving caused the accident, it does not matter whether these acts constitute negligence in the plaintiff or not. The defendant, not being the author of the responsible, efficient, independent, proximate cause of the injury, is relieved from responsibility without any reference to plaintiff's negligence : Shaeffer v. Jackson Twp., 150 Pa. 145 ; Chartiers Twp. v. Philips, 122 Pa. 601 ; Cage v. Franklin Twp., 11 Pa. Superior Ct. 533 ; Bitting v. Maxatawny Twp., 177 Pa. 213.

One is responsible for such consequences of his fault as are natural and probable, but if his fault happens to concur with something extraordinary and therefore not likely to be foreseen, he will not be answerable for the unexpected result : Dixon v. Butler Twp., 4 Pa. Superior Ct. 333 ; McCauley v. Logan, 152 Pa. 202 ; Worrilow v. Upper Chichester Twp., 149 Pa. 40 ;

Kieffer v. Hummelstown Borough, 151 Pa. 304; Clulow v. McClelland, 151 Pa. 583.

:   *H. F. Marsh*, with him *F. E. Watrous* and *S. F. Channell*, for appellee.

OPINION BY RICE, P. J., May 22, 1902:

On Sunday September, 16, 1900, the plaintiff on his return from a creamery was crossing a bridge which forms part of the public highway in the defendant township.  His horse stepped through a hole in the bridge, and he was thrown from his wagon and off the bridge, sustaining injuries.  The hole had been in the bridge for about three weeks before the accident, and the plaintiff had observed it; but on the day preceding his injury, it is alleged, a board ten inches wide and about five feet long had been nailed over the hole, a repair that he had noticed when first crossing the bridge on September 16 on his way to the creamery.  It is alleged that the board was knocked off in some way and the hole uncovered before his return, which was an hour or two later.  The number of milk cans in his wagon prevented the use of a seat and he was riding on one of the cans.

In the defendant's seventh point the court was requested to charge as follows: " If the jury believe from the evidence that the plaintiff had driven over the Wheeler bridge twice a day for three weeks next prior to and including the day of the alleged injury, and knew or ought to have known of the hole therein and its dangerous character, and that there was at the time of the alleged injury a sufficient and safe space in the roadway of said bridge beyond said hole, over which the plaintiff had formerly safely driven, and at the time of the accident could by the exercise of ordinary care and prudence have safely driven and avoided said hole and the injury complained of, then the plaintiff cannot recover." The refusal to unqualifiedly affirm this point is the subject of the first assignment of error. The second and third assignments raise the same question; therefore, the three assignments will be considered together. We see no good reason why the point should not have been emphatically and unequivocally affirmed. The suggestion of the plaintiff's counsel that the point assumed that at the time

of the accident the plaintiff had knowledge of an existing hole in the bridge is not warranted. That, as well as all the other questions of fact referred to, were, by the point, to be determined by the jury, and, surely, if the plaintiff knew, or by the exercise of ordinary care ought to have known, of the existence of the hole and its dangerous character, it was his plain duty to avoid it, as he had done when daily crossing the bridge during the three weeks preceding. The refusal of the point cannot be sustained upon the ground suggested by his counsel. The learned trial judge, while conceding the correctness of the point as an abstract proposition of law, held, and so instructed the jury, that it was for them to determine how far the plaintiff was relieved from the duty of looking for and avoiding the hole in crossing the bridge at the time of the accident by reason of the fact that when crossing on his way to the creamery he had noticed that a board had been nailed over the hole. This thought was expressed in the answers to the defendant's seventh and eleventh points and more fully in the instructions complained of in the third assignment of error. He said : " Whether the board covered the hole when the plaintiff first passed over the bridge on the morning of September 16, and, as we have just said, did that relieve him from the duty to look at the bridge as he crossed it and keep out of the hole—the same hole that he had seen every day for several days ? To what extent, if any, is he relieved by reason of the board being over the hole in the morning ? This is one of the material questions in this case and it is wholly submitted to you for your determination. If there had been no board over the hole in the morning and the plaintiff had without looking and without forgetting, carelessly have driven into the hole, you might well find his carelessness contributed to the injury and find for the defendant ; but, the question is, to what extent, if any, was the plaintiff relieved by the condition of the hole in the bridge as he found it on Sunday morning as he first passed over the bridge where the defect was in existence. . . . You are to determine to what extent he is relieved, if any, from looking after that when he came back and that is one of the reasons why we refuse to take this case from the jury, because we thought this question was for you wholly." In determining as to the correctness of these instructions, and others to the same effect

given in answer to the points, it is to be borne in mind, that there was abundant testimony going to show that the plaintiff was not looking ahead when he drove upon the bridge and when his horse stepped into this hole. Several witnesses testified to admissions made by the plaintiff to this effect. One of them testified that he described the accident to him as follows: "I saw a woman acting strange or peculiar as I approached the bridge, it drew my attention; she was in the bushes by the roadside; I watched her as the horse moved along, and turned on the milk can and kept turning around till I was riding sideways or nearly backwards, and all at once there was a jerk and I went over and struck on the log and from the log down on the bank of the stream; I cannot tell whether the horse was walking or trotting; I know I was watching that woman and riding backwards and there came a jerk and I went over; I don't know how it happened." Whether or not the accident happened in that way was a question for the jury, but if it did happen in that way, that is to say, if the plaintiff was giving no attention to the place where he was driving, he was negligent and it was the duty of the court to instruct the jury that such inattention is negligence per se. The law upon this subject is well settled. "That the reasonable care which the law exacts of all persons in whatever they do involving risk of injury, requires travelers, even on the footways of public streets to look where they are going, is a proposition so plain that it has not often called for formal adjudication. But it has been expressed or manifestly implied in enough of our own cases to constitute authority for those who need it: " Robb v. Connellsville Borough, 137 Pa. 42. This statement of the law has been applied or distinctly recognized in many later cases, amongst which may be mentioned: Haven v. Pittsburg & Allegheny Bridge Co., 151 Pa. 620; Harris v. Commercial Ice Co., 153 Pa. 278; Stackhouse v. Vendig & Co., 166 Pa. 582; Lumis v. Philadelphia Traction Company, 181 Pa. 268; Shallcross v. Philadelphia, 187 Pa. 143; Hentz v. Somerset Boro., 2 Pa. Superior Ct. 225; Rick v. Wilkes-Barre, 9 Pa. Superior Ct. 402. The rule is as applicable to the driver of a vehicle as to pedestrians. In the recent case of Graham v. Philadelphia, 19 Pa. Superior Ct. 292, we said that while it is impossible to lay it down as an inflexible and unvarying rule of law that he must

keep his eyes constantly fixed on the roadbed and is affected with notice of every defect therein which can be detected by doing so, " he must, however, keep his eyes open and his wits about him and must look where he is driving. The omission of this plain duty is negligence and bars recovery for the injury to which it contributed." It follows that the fact that the plaintiff had noticed when crossing the bridge in the morning that a board had been nailed over the hole, did not relieve him from the duty to look where he was driving and it was error to permit the jury to find that it relieved him from that duty. The first three assignments are sustained.

We cannot say that there would have been error in refusing the defendant's ninth and tenth points, which are the subjects of the fourth and fifth assignments. To have affirmed the points without qualification would have required the court to say substantially, that it was negligence per se for the plaintiff to ride seated on the top of one of his milk cans. The court could not have declared that that was negligence under the circumstances without usurping the functions of the jury. But the fact that the plaintiff was compelled to ride in a position where in case of accident he would be easily thrown to the ground and injured was an additional reason for greater vigilance in looking where he was driving. Hence, it was error in answering the points to submit to the jury the question whether his riding backwards at the time he received the injury complained of was a negligent act. The jury should have been instructed that if he was riding in that way he was negligent and could not recover. This is all that need be said concerning these assignments.

We are not convinced that the court erred in refusing to charge that under all the evidence the verdict of the jury must be for the defendant; therefore the sixth assignment of error is overruled.

Judgment reversed and venire facias de novo awarded.