# Decker *v.* East Washington Borough, Appellant.

*Negligence—Boroughs—Defective sidewalk—Contributory negligence.*

In an action against a borough to recover damages for personal injuries, it appeared that at the point where the accident occurred, a sidewalk about four feet wide ran along the south side of a street several feet below the roadway. This walk, guarded by a rail on the south side, was built of wood and rested on the side of the street embankment and on posts. Prior to the accident the borough authorities in excavating for a culvert had removed a part of the sidewalk, but had laid planks across the cut. Plaintiff lived about a block from the locality and was familiar with the fact that work was in progress at the culvert. He had within a week before the date of his injury passed over the sidewalk. In returning to his home on the night when he was injured, which was a very dark night, he proceeded by the sidewalk, and when about thirty-five feet from the point of accident he observed that a street light located near the point of danger was not lighted. He went further along the walk and came to a pile of dirt of which he had knowledge, which had washed down from the embankment against which the walk rested. He endeavored to pass this dirt by stepping around it. He put his hand out to the guard rail without looking to see that the rail was there. He had seen a guard rail in place a week before. The rail, however, was gone, and he fell from the walk and was injured. *Held,* that plaintiff was guilty of contributory negligence, and was not entitled to recover.

Argued April 23, 1902. Appeal, No. 18, April T., 1902, by defendant, from judgment of C. P. Washington Co., Aug. T., 1899, No. 5, on verdict for plaintiff in case of T. J. Decker v. East Washington Borough. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER. Reversed.

Trespass to recover damages for personal injuries.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,000. Defendant appealed.

*Errors assigned* were in refusing binding instructions for defendant.

*Norman E. Clark,* for appellant.

*John C. Bane,* for appellee.

OPINION BY WILLIAM W. PORTER, J., October 13, 1902:

A verdict has been recovered in this case against the borough of East Washington based upon negligence on the part of the borough in the maintenance of a public way. The appellant alleges, first, that it is relieved from liability, because the work being done at the point where the plaintiff was injured was in the hands of an independent contractor; second, that the borough had no notice of the absence of the guard rail, alleged to have been the cause of the plaintiff's injury, and third, that the plaintiff by his negligence contributed to the accident which caused his injury.

If the third proposition be well founded, little heed need be taken of the first and second. A consideration of it necessarily involves a review of the facts. A culvert under Wheeling street, in the defendant borough, had fallen in. The borough determined to construct a new and larger culvert, for the purpose of taking care of the water of a small stream which ran under Wheeling street. The street was elevated at this point so that the general roadway was perhaps fifteen feet above the base of the culvert. A sidewalk, about four feet wide, ran along the south side of the street several feet below the roadway. This walk, guarded by a rail on the south side, was built of wood and rested on the side of the street embankment and on posts. During the progress of the work on the new culvert general travel on the street was stopped by barriers. The sidewalk was, however, apparently open to foot travel. The street was transversely cut by the excavation for the culvert and a part of the sidewalk was removed. At night, during the progress of the work, planks were laid across the cut. The plaintiff lived about a block from the place described and used the footway to go to and from the town. He was familiar with the fact that the work was in progress at the culvert, and had, within a week before the date of his injury, passed over the sidewalk. On the evening of May 18, 1897, having gone from his home to the town by a less direct way, he attempted to return about nine o'clock by way of Wheeling street and the sidewalk. When about thirty-five feet from the point of accident, he observed that a street light located near the point of danger was not lighted. He went further down the walk and came to a pile of dirt (of which he had knowledge) which had

washed down from the embankment against which the walk rested. He endeavored to pass this dirt by stepping around it. He put his hand out for the guard rail without looking to see that the rail was there. He had seen a guard rail in place a week before and trusted to its continued presence. It was gone. He fell from the walk and was injured. The negligence of the defendant was alleged to be the presence of the dirt on the sidewalk and the failure to maintain the guard rail.

There is no denial of the fact that the point where the plaintiff was injured was a dangerous place. He himself emphasizes the fact that, the street lamp being unlighted, and the night dark, the place was unusually dangerous. He attempted the passage, with knowledge that the light was out, and that the pile of dirt was upon the walk. He did not look for the guard rail which he relied upon as a protection, but simply reached out for it without looking, and, the rail being gone, he fell.

It is impossible to resist the conclusion that, if the plaintiff had looked for the hand rail, he would have seen that it was no longer in place; would not have trusted to it and would not have fallen. He knew that a portion of the walk was without a guard rail. The conditions were such as to require of him the exercise of great caution. See Snyder v. Penn Township, 14 Pa. Superior Ct. 145. He knew the danger and determined upon testing it: Township of Crescent v. Anderson, 114 Pa. 643. He failed to look. In this he was guilty of an act which, according to his own testimony, contributed to his injury. In all actions of the general class to which this case belongs "looking" is made a test of performance of duty. This is true not only in the case of the crossing of steam railroad and trolley tracks, but also in cases involving the use of the footways of public streets (Robb v. Connellsville Borough, 137 Pa. 42; Hentz v. Borough of Somerset, 2 Pa. Superior Ct. 225), and of bridges under construction: Haven v. Pittsburg, etc., Bridge Co., 151 Pa. 620. The evidence in this case of contribution to injury by negligence is such as should have prevented submission to the jury.

The fourth assignment of error is sustained and the judgment is reversed.

ORLADY, J., dissents.