# Gilberton Borough v. Schuylkill Traction Company, Appellant.

*Street railways—Repair of streets—Contract with borough.*

Where a street railway company contracts with a borough to pave a certain portion of the street with mountain stone, or other suitable material, subject to the approval of the town council, and also upon five days' notice from the borough to repair and repave the street, and further to save the borough harmless from loss arising in consequence of the construction or operation of the railway, the borough in an action against the railway company to recover the amount of a judgment which it had been compelled to pay for personal injuries, cannot, after having averred in its statement that the injuries were caused by the failure of the company to keep the street in repair, offer proof that the injury was caused by a defect in the original construction five years before ; nor can it recover unless it shows that it gave five days' notice to the railroad company to repair the defect which caused the accident.

-Argued Dec. 4, 1902. Appeal, No. 202, Oct T., 1902, by defendant, from judgment of C. P. Schuylkill Co., July T., 1899, No. 137, on verdict for plaintiff in case of Gilberton Borough v. Schuylkill Traction Company. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Trespass to recover the amount of a judgment paid for personal injuries.

The facts are stated in the opinion of the Superior Court.

The court charged in part as follows :
[As I have stated to you, the damages which the defendant

is required to protect the borough against is damages not only
from the construction of the road, but from the operation of
the road; and, of course, we think it is a question for you to
determine whether the injury that Ryan complains of was due
either to the failure of the defendant to properly construct the
road, or from the operation of the road. If it was due to either
of those causes, and you find that the plaintiff has been in-
jured in the way that we have already stated to you and as
we have been seeking to explain to you, then we are inclined
to think that the plaintiff would be entitled to recover.] [1]

[The questions relating to the condition of this road, as to
whether or not the road was properly constructed in accordance
with the provisions of the ordinance and properly operated in
accordance with the provisions of the ordinance; as to whether
defendant's failure to so construct and to so operate it occa-
sioned the damage to the plaintiff—all these questions of fact
you will consider, and consider them carefully, and determine
what your verdict shall be, after you have given a careful con-
sideration thereto.] [2]

Defendant presents these points:

3. In order to make the defendant liable under the ordinance
in evidence, it is necessary that five days' notice should be given
by the borough to the railway of any repairs necessary to be
made. *Answer:* To this we say, the ordinance does require
five days' notice of want of repairs, but it also provides that
if the company fails to repair, after such notice, for a period
of five days, the borough may repair and charge the cost to the
defendant, together with a penalty of twenty per cent. In view
of this provision and the sixth clause of the ordinance, relating
to saving the borough harmless, I might say to you that the
failure to give five days' notice will not, in itself, defeat the right
of recovery if you find that in other respects the plaintiff has
shown a cause of action. [3]

3½. The ordinance of the borough requires that the construc-
tion of the road should be made subject to the approval of the
borough authorities, and no complaint having been made from
1892 to 1897, the time of the accident, the borough cannot now
set up that the construction of the road was faulty. *Answer:*
I do not know whether we just exactly gather all that this point
may be intended te cover, but we will now direct your attention

to this branch of the ordinance, as a matter of safety, in relation to this point, to both parties. The ordinance says that all streets or parts of streets mentioned in this ordinance shall be paved by said Mahanoy City, Shenandoah, Girardville & Ashland Street Railway Company, at its own expense, between the tracks of the said railway, and on each side thereof to the width of eighteen inches, with mountain stone or other suitable material, subject to the approval of said town council. Then it goes on and says, " as rapidly as the construction shall proceed," and provides for turnouts. You notice, from this language, that between the rails of the tracks, on such streets as the company builds the railway, "it shall be paved with mountain stone or some other material." As I remember the evidence in this case, the proof is that it never was paved, and the paving is to be subject to the approval of the council. Therefore I say that there is no evidence to show that the road ever was paved or macadamized with mountain stone or other material, and though the paving of the road is subject to council's approval, the defendant must perform the work before the council are required to approve or disapprove. Until they do pave, I do not see how council can be called upon to approve, and if you find the testimony as given by these witnesses to be correct, that it never was macadamized, the approval would not be important. We leave it to you to say whether there has been any macadamizing on any part of this road, and then we say, if there is any part of it proven to be macadamized, and the council did not make any objection to the material used, or the manner in which it was done, they would now be estopped from doing it, and would have been estopped in 1897, at the time this point names. But I point out the fact, under the ordinance, that the approval relates to the paving, and the paving would have to be done, or at least attempted to be done, as I have already stated, before there could be a question of approval arising before the council. [4]

4. Under the evidence in the case, the verdict must be for the defendant. *Answer :* This we refuse, because we have already indicated that we propose to leave this case to you for your finding. [5]

Verdict and judgment for plaintiff for $1,000. Defendant appealed.

*Errors assigned* were (1–5) above instructions, quoting them.

*Guy E. Farquhar*, with him *Otto E. Farquhar*, for appellant. —Plaintiff cannot charge in his statement one cause of action and recover from a different one: Wilkinson Mfg. Co. v. Welde, 196 Pa. 508; Ryder v. Jacobs, 182 Pa. 624.

Without notice the railway company had no right and were not bound to repair any portion of the street: Sanford v. Union Pass. Ry. Co., 16 Pa. Superior Ct. 393.

*John F. Whalen* and *M. A. Kilker*, for appellee, cited: Chester v. First Nat. Bank of Chester, 9 Pa. Superior Ct. 517; Doyle v. New York, 58 App. Div. Rep. 588 (69 N. Y. Supp. 120); Laredo Electric, etc., Ry. v. Hamilton, 23 Texas Civ. App. 480 (56 S. W. Repr. 998); Bradwell v. Pittsburg & West End Pass. Ry. Co., 153 Pa. 105; Memphis, P. P. & Belt R. R. Co. v. State, 87 Tenn. 746 (11 S. W. Repr. 946); Citizens' Street Ry. Co. v. Ballard, 22 Ind. App. Ct. Rep. 151 (52 N. E. Repr. 729).

OPINION BY ORLADY, J., February 11, 1903:

Patrick Ryan brought suit against the borough of Gilberton and recovered a verdict of $1,000 as damages sustained by him by reason of the alleged negligence of the borough in failing to keep one of its highways, on which the defendant traction company was operating its street car system, in good repair. The borough paid the judgment so recovered and brought this action to recover from the defendant company under a contract between the latter and the borough. By virtue of an ordinance dated February 29, 1892, the Mahanoy City, Shenandoah, Girardville & Ashland Street Railway Company was given "the right to build and operate an electric railway on certain streets of the borough, which contract was transferred to the Schuylkill Traction Company. Though it is alleged in the plaintiff's statement that the Schuylkill Traction Company had been duly notified to appear and defend with the borough of Gilberton in the Ryan suit, and on the trial counsel for the borough stated "that proof would be made of notice to the traction company of the defective condition of the highway," it is perfectly clear from this record that the only notice ever

received by the traction company of the defective condition of the highway at the point where Ryan received his injuries on October 16, 1897, was given after that accident happened. Under the ordinance, the electric railway was to be completed within two years after its date and all streets upon which the railway and turnouts were not laid and completed at the expiration of two years all rights under the ordinance as to them were to immediately cease and become void. The construction of the electric railway was completed during 1892. By section 10 it is provided " that the construction of said railway and turnouts, and all work pertaining thereto, shall be subject to the supervision and approval of the committee on roads and highways of said council."

Section 3 is as follows: " That all streets and parts of streets mentioned in the ordinance shall be paved by said Mahanoy City, Shenandoah, Girardville & Ashland Street Railway Company at its own expense, between the tracks of said railway and on each side thereof, to the width of 18 inches, with mountain stone, or other suitable material, subject to the approval of said town council, as rapidly as the construction of said railway proceeds. And the said railway shall at all times, without delay, upon five days' notice given by the chief burgess, repair and repave inside and outside of said tracks and turnouts, wherever paving shall get out of repair, and upon failure of said company to do so, the borough of Gilberton may do the work and recover the expense thereof, together with a penalty of twenty-five per centum of the cost of said paving added thereto, in an action at law against the company."

Section 6 of the ordinance is as follows: " The said Mahanoy City, Shenandoah, Girardville & Ashland Street Railway Company shall pay all damages, either direct or consequential, that may arise in consequence of the construction or operation of their railway or turnouts, and shall hold harmless and indemnify the corporation of the borough of Gilberton in all suits at law that may arise therefrom."

In the plaintiff's statement and amended statement the cause of action is charged to be as follows: " Yet the defendant, not regarding its said duty, did not nor would not use such due and reasonable care, diligence and skill, or adopt such due and proper precautions, in and about the premises, and in putting

and keeping the said portion of said street in such reasonably secure and proper condition . . . . and on August 16, 1897, wrongfully and injuriously made default in the premises and left the said portion of said street in a dangerous, insecure, and improper condition by leaving and permitting in said portion of said street between the rails of its track, and close to the south rail thereof, an opening or hole of the length, to wit : . . . . and without any warning that the same was in such dangerous, insecure and improper state and condition, and by reason thereof a certain Patrick Ryan . . . . was greatly injured,"etc. It is to be noticed that nowhere in the statement is there any allegation of a defective original construction, which construction, under the terms of the ordinance, was to be subject to the supervision and approval of the council; and also that the railway was completed five years before the accident to Ryan happened. On the trial it appeared that the injury to Ryan was caused by a worn or defective plank on the inside of the rail immediately over a culvert, which defective condition was plainly to be observed about two weeks before Ryan received his injuries.    The plaintiff contended that inasmuch as the electric railway did not originally pave, with mountain stone, the part of its roadway where the accident occurred, that the borough was entitled to recover under paragraph six of the ordinance above quoted, and this view was adopted by the court; when evidence in relation to the character of construction was objected to the trial judge said : " You contracted to macadamize that surface and to do it with mountain stone, and you did not do it ; if this evidence is correct, you substituted a plank, and the plank broke, and the borough is sued and damages recovered.    How can the company show they performed the duty required by this ordinance, even though the borough had a right to repair sewers ? "    The difficulty with this interpretation is that it introduced an entirely new cause of action in substituting defective construction for one of proper repair.    The word " macadamize " does not occur in the ordinance, and the paving required was to be " with mountain stone, or other suitable material, subject to the supervision and approval of said town council."    After the work had been completed under the supervision of the town council, who for five years had accepted it as completed, it was too late for the borough to complain of the character of the paving material or

to deny that the plank was not a compliance with the ordinance under the description of " other suitable material," as the alternative for " mountain stone." As before mentioned, the plaintiff's statement charged the want of repair, and when the lease to the defendant company was offered in evidence, counsel for plaintiff said: " The part to which I refer particularly is the 4th section, conditioned, viz : To keep said railway and branches in good order and repair, the same as they now are." And when the supervisor of the borough was being examined, he was asked, " When you were supervisor, state whether or not the traction company used to take care of the part of the street occupied by the railway tracks," plaintiff's counsel stated that, " the purpose of the offer is to show that the railway company had assumed, and did assume, the repair of the public street occupied by the railway tracks."

The defendant's third point and answer thereto were as follows : " Third. In order to make the defendant liable under the ordinance in evidence, it is necessary that five days' notice should be given by the borough to the railway of any repairs necessary to be made. Answer. To this we say the ordinance itself requires five days' notice of want of repairs, and it also provides that if the company fail to repair after such notice for a period of five days, the borough may repair and charge the cost to the defendant, together with a penalty of twenty-five per cent. In view of this provision in the sixth clause of the ordinance relating to saving the borough harmless, I might say to you that the failure to give five days' notice will not in itself defeat the right to recover, if you find that in other respects the plaintiff has shown a cause of action." The court below erred in its answer to this point, and also in holding that the defendant, under his pleadings, was liable for defective construction of the road in 1892. Under the submission as made, the verdict might be based on an improper construction of the road, or on failure to pave between the tracks, or by an improper operation of the railway, thereby expanding the plaintiff's statement to embrace two causes of action not declared upon.

It is sufficient to refer to Wilkinson Manufacturing Co. v. Welde, 196 Pa. 508 : " Allegations and proof must still correspond. The wise and reasonable requirement that a plaintiff must correctly and accurately set forth the material grounds

of his complaint has, with us, withstood the reforming hand of the modern pleader, and the defendant yet knows that he need answer only what is charged against him."

The first, second and fourth assignments of error are sustained.

The borough elected to make its defense to the Ryan claim without calling on the traction company to join it, and the judgment in the first instance was not conclusive on the present trial: Fowler v. Jersey Shore Borough, 17 Pa. Superior Ct. 366. The duty of maintaining the streets in a safe condition for public traveling and use rests primarily, as respects the public, upon the municipality, and the obligation to discharge this duty cannot be evaded, suspended, or cast upon others by any act of its own : 2 Dillon on Municipal Corporations, section 1019. The present case is similiar in many respects to Sanford v. Union Passenger Railway Company, 16 Pa. Superior Ct. 393, in which we held: " The manifest intention of the ordinance and contract with the defendant company was to transfer to the company that portion of the public duty which relates to keeping in repair all of the street which lies between the curbs. This duty the company assumed, and does not question its liability to do so under the terms of its contract." The last sentence of the 3d section of the ordinance could have but one meaning, namely, that the chief burgess, speaking for the municipality, could require the railway company, upon five days' notice, to repair and repave inside and outside of the tracks wherever the paving was out of repair. To hold the defendant liable for all damages, either direct or consequential, that might arise owing to the construction or operation of its railway, without notice from the borough to correct an alleged defect in the highway, would result in making the defendant company an insurer of the safe condition of the streets at all times. No such liability rested on the borough. The person sustaining injuries by reason of a defective condition of the street must always show, first, a positive misfeasance in doing acts which caused the street to be out of repair, in which case no other notice to the corporation of the condition of the street is essential to its liability (because the municipality has all the knowledge of the facts which a notice would give); or, second, the neglect of the corporation to put the street in repair, or remove the ob-

struction therefrom, or remedy causes of danger occasioned by wrongful acts of third parties, in which cases notice of the condition of the streets, or what is equivalent to notice, is necessary: 2 Dillon on Municipal Corporations, section 1020. It might well be that the length of time this defect was shown to have existed would be sufficient to make the borough liable, and yet in the judgment of council it was not of sufficient gravity to have the burgess direct the traction company to repair it. The borough can recover from the traction company only under the terms of its contract with it; it had supervised the construction of the railway and had the right at all times to give notice of defects, and under section 11 of the ordinance, " to make repairs and improvements to culverts and sewers under the surface occupied by the railway, and to open and remove said tracks wherever it shall be deemed necessary for that purpose." As it did not give notice to the traction company to make repairs, it cannot under the peculiar provisions of this ordinance, recover for damages for which it has been obliged to pay by its own neglect; either in not remedying the defect or in not giving notice to the traction company to remedy it.

It is not necessary to pass on the other assignments of error further than to say that Graham v. Philadelphia, 19 Pa. Superior Ct. 292, Smith v. Jackson Township, 20 Pa. Superior Ct. 337, Shallcross v. Phila., 187 Pa. 143, and Lumis v. Phila. Traction Company, 181 Pa. 268, must determine the liability of this defendant, in so far as the contributory negligence of Ryan is concerned.

The judgment is reversed and a venire facias de novo is awarded.

SMITH, J., dissents.