Martin, Appellant, *v.* Williamsport.

*Negligence—Municipalities—Sidewalk—Grass plot—Wire around grass plot—Nonsuit.*

A municipality may set aside portions of the streets or sidewalks, not necessary to be used for business purposes in particular localities, for the construction of boulevards, parks, grass plots, the planting of shade trees, the maintanance of hitching posts, stepping stones, or for other purposes useful, healthful or ornamental merely; and may protect the same by reasonable means from the encroachments of travel.

---

* Also reported 53 N. E. Repr. 799.

† Also reported 25 N. W. Repr. 313.—REPORTER.

In an action against a city to recover damages for personal injuries sustained from a fall on a sidewalk, it appeared that the sidewalk where the accident occurred was in a residential part of the city, and that the plaintiff was familiar with the locality. At the point in question the distance between the property line and the curb was twelve feet six inches. By ordinance of the city five feet of this width on the side near the curb was paved for sidewalk, and the remaining width was used as a grass plot with flowers and trees. A wire fastened to the top of the posts about ten inches high extended along the grass plot to protect it. The grass plot was about four feet eight inches wide, and occupied the space between the curb and the stone walk. Plaintiff testified that in going along the stone walk he saw a friend on the other side of the street, and in hurrying toward him caught his foot in the wire, fell and was injured. *Held,* that a nonsuit was properly entered.

Argued March 14, 1904. Appeal, No. 44, Jan. T., 1904, by plaintiff, from order of C. P. Lycoming Co., March T., 1903, No. 1, refusing to take off nonsuit in case of William F. Martin v. City of Williamsport. Before DEAN, FELL, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HART, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*W. E. Ritter,* for appellant.

*Seth T. McCormick,* with him *F. P. Cummings,* city solicitor, for appellee.

PER CURIAM, April 11, 1904:

We take the statement of the leading facts and the question involved as they are set out by appellant in his paper-book, for we assume that they are stated as favorably to his side of the case as his able counsel thought the evidence warranted.

" A wire had been maintained along the edge of the stone walk laid in the areaway allotted for sidewalks along West Fourth street in the city of Williamsport for several months. It was fastened to the top of the posts, about ten inches high driven in the ground. The wire was between the stone walk and the space separating it from the curb and extended longitudinally along the walk.

" Was the city negligent in maintaining the wire ?"

The plaintiff stumbled over or tripped on the wire, fell and sustained injury. He brought suit against the city for damages, by direction of the court was nonsuited and now appeals.

Negligence is the absence of care according to the circumstances. Although the city did not actually put the wire at that place or maintain it there, yet having permitted it to be there, although constructed by a resident at that point, legally the city is answerable for its existence in that situation at that time. The circumstances which prompted the resident to construct and the city to permit its construction were these : West Fourth street is exclusively a resident street ; the usual business and traffic are not carried on upon or along it ; the dwellings both as to architecture and comfort are better than those along most of the other streets ; the lots are wide with larger space between the buildings and the buildings are set back some distance from the property line leaving a lawn in front ; at the lot where the accident occurred the distance between the property line and the curb is twelve feet six inches ; by ordinance of the city five feet of this width next the curb was paved for sidewalk and the remaining width was used for ornamental purposes, such as grass plots, flower borders, trees and like purposes ; to protect the grass plots this wire was put up, not only at this point but on other parts of the street. It is not alleged that the five feet of paved sidewalk was not of ample width for any number of persons who in that part of the city desired to pass and repass thereon on their way up and down the street. In this particular the city had performed its full duty to the public, that is, it had provided a reasonably safe way for the passage of the public by night and day along Fourth street. But there was still left a space between the outer edge of the pavement and the curb of about four feet eight inches occupied as a grass plot as before stated protected by the wire ten inches high. That it was there and so protected any resident of the city including the plaintiff must be assumed to have known. That the fact was not consciously manifest to him at the moment he fell is not material. If he unconsciously stepped into a gutter at the side of the street and had fallen, or failing to lift his feet high enough at an abrupt crossing had stumbled, he might have truthfully said he did not at the moment know the gutter or the crossing was

there, yet at other times when not agitated or hurried he knew and must have known from his knowledge of the customary plans and construction of the city streets they were there. The unpaved part of the sidewalk was being used at the time of the accident as it had been used for years and as the residents knew it was being used. The plaintiff states he came out of Mr. Cochran's house on the west side of Park street and started down Fourth, that he saw a friend at Fifth avenue and hallooed to him, and then went across, caught his foot in the wire and fell. His friend testifies that plaintiff started to run to catch him and fell.

Now according to all these circumstances, and they are undisputed, where was the want of care on the part of the city? It is not an insurer against accidents. It was not bound to prohibit residents beautifying their homes and the streets by the cultivation of grass plots on that part of the sidewalk which was not necessary for public passage. We do not say that plaintiff had no right to cross over from one side of the street to the other through the grass plot, we only say there was no duty on the part of the city to provide him with an unusually safe path through the grass plot at that particular point that he might hurriedly cross the street to meet his friend.

While we have no case in this state involving exactly the same facts, the principle announced in Robb v. Connellsville Boro., 137 Pa. 42; Stackhouse v. Vendig, 166 Pa. 582; Canavan v. Oil City, 183 Pa. 611, is the same. Many cases however are cited from other states based on the facts as the one before us, holding that:

" A municipality may set aside portions of the streets or sidewalks, not necessary to be used for business purposes in particular localities, for the construction of boulevards, parks, grass plots, the planting of shade trees, the maintenance of hitching posts, stepping stones, or for other purposes useful, healthful or ornamental merely. And may protect the same by reasonable means from the encroachments of travel: " Dougherty v. Village of Horseheads, 159 N. Y. 154; Oliver v. City of Denver, 57 Pac. Repr. 729.

We think the court below committed no error in refusing to take off the nonsuit. All the assignments of error are overruled and the judgment is affirmed.