212    338
35 SC    315

## Gillard *v.* City of Chester, Appellant.

*Negligence—Municipalities—Defect in sidewalk—Contributory negligence.*

It is the duty of a municipality to use reasonable care to keep its streets in repair and in a safe and proper condition for the use of the public by day or night. A sidewalk is a part of the street and the duty to repair it is as obligatory as the duty to keep the carriageway in a proper condition.

Pedestrians are not compelled to remain off the streets of a city because it is dark, but using the care demanded by the circumstances they may go at any hour where business or inclination takes them, and they may assume that the municipality has performed its duty in keeping the streets in a safe condition for use both at night and during the day.

In an action by a woman against a city to recover damages for personal injuries sustained by falling over the curb of a sidewalk into the cartway

of the street, the case is for the jury and a verdict and judgment for plaintiff will be sustained, where the evidence tends to show that the night when the accident happened was very dark and the street was not lighted at the point at which the plaintiff fell, that the sidewalk had been paved, and was in use by the public to its full width, that next to the curb the brick pavement of the sidewalk was sunken from three and a half to four inches lower than the curb, and that the sunken or depressed condition of the sidewalk had existed for a sufficient length of time to visit the city with notice of it.

Guinter v. Williamsport, 208 Pa. 587, and Martin v. Williamsport, 208 Pa. 590, distinguished.

Argued Feb. 6, 1905. Appeal, No. 275, Jan. T., 1904, by defendant, from judgment of C. P. Del. Co., Sept. T., 1903, No. 141, on verdict for plaintiff in case of Joseph Gillard and Sarah Ann Gillard, his wife, v. City of Chester. Before MITCHELL, C. J., DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before JOHNSON, P. J.

The facts connected with the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff, Joseph Gillard, for $1,624.18, and for Sarah Ann Gillard for $1,949.02. Defendant appealed.

*Errors assigned* were in refusing binding instructions for defendant.

*A. A. Cochran*, for appellant.—The case was ruled by Guinter v. Williamsport, 208 Pa. 587; Martin v. Williamsport, 208 Pa. 590.

*A. B. Geary*, for appellees.—A pedestrian is not guilty of negligence because he walks in the roadway, and he may cross a street at any point without waiting to reach a crossing: Raymond v. Lowell, 60 Mass. 524; Lincoln v. Detroit, 101 Mich. 245 (59 N. W. Repr. 617); Baker v. Grand Rapids, 111 Mich. 447 (69 N. W. Repr. 740); Brusso v. Buffalo, 90 N. Y. 679; Bell v. Clarion, 113 Iowa, 126 (84 N. W. Repr. 962); Magaha v. Hagerstown, 95 Md. 62 (51 Alt. Repr. 832); Cotterill v.

Starkey, 8 Car. & P. 691; Moebus v. Herrmann, 108 N. Y. 349 (15 N. E. Repr. 415); Stringer v. Frost, 116 Ind. 477 (19 N. E. Repr. 331); Denver v. Sherret, 88 Fed. Repr. 226; Moore v. Penna. R. R. Co., 99 Pa. 301; Douglass v. Water Co., 172 Pa. 435; Rick v. Wilkes-Barre, 9 Pa. Superior Ct. 399; Martin v. Williamsport, 208 Pa. 590.

The condition of the sidewalk was plainly visible during the daytime, and whether or not it was a dangerous obstruction was for the jury: Walton v. Colwyn Boro., 19 Pa. Superior Ct. 172; Gschwend v. Millvale Borough, 159 Pa. 257; Chilton v. Carbondale, 160 Pa. 463; Rowland v. Phila., 202 Pa. 50.

OPINION BY MR. JUSTICE MESTREZAT, June 22, 1905:

Sarah Ann Gillard, the plaintiff, residing in the city of Chester, called to see her invalid daughter who lives on West Seventh street in that city on the evening of October 17, 1902. About 8 o'clock in the evening she left the house to procure some medicine for her daughter. It was then very dark. She walked west along the south side of Seventh street until she was within twenty-seven feet of Lloyd street when, seeing a street car approaching on Lloyd street, she started to cross diagonally the carriage way of Seventh street, to board the car. As she was stepping from the sidewalk to the carriage way of the street, her " right foot struck against a hard substance " and she fell into the street and was injured. At this point the brick pavement of the sidewalk was sunken and was from three and a half to four inches lower than the curb. Three bricks, projecting four inches from the sidewalk lay against the curb. The curbstone was higher than the pavement of the sidewalk for several feet on either side of the place where Mrs. Gillard fell. The testimony of the city engineer shows that " the general construction of the sidewalks in the city of Chester is to put in bricks and have the bricks level with the top of the curbstone."

This action was brought by Mrs. Gillard and her husband to recover damages for the injuries she sustained by the fall. The learned trial judge in a charge, fully adequate and to which no exception was taken, submitted the case to the jury and instructed them, inter alia, that to entitle the plaintiffs to re-

cover " three things will be necessary to be found : " First, she must be free from negligence herself ; next, the city of Chester must have had notice, either direct, positive or constructive of this defect ; and next, there must have been some negligence on the part of the city." The jury having returned a verdict in favor of the plaintiffs, judgment was entered and the defendant has appealed. The error assigned is the refusal to affirm the point that the verdict should be for the defendant.

We can see no merit in this appeal. The questions in the case were properly disposed of by the trial judge. It is unquestionably the duty of a municipality to use reasonable care to keep its streets in repair and in a safe and proper condition for the use of the public by day or night. A sidewalk is a part of the street and the duty to repair it is as obligatory on the city as the duty to keep the carriage way in proper condition : 2 Dill. Mun. Corp. (4th ed.), secs. 1008 and 1012. The whole width of the sidewalk from the building line to the curb, on Seventh street, the place of the accident, was paved with brick and open for the use of pedestrians, and hence it was the duty of the city to see that the entire width of the walk was kept in proper repair and clear of obstructions. Mrs. Gillard had the right to use any part of the sidewalk, and she cannot be convicted of negligence under the facts presented here in stepping from the walk to the carriage way of the street. We know of no decision and have been referred to none which holds that such an act by a pedestrian discloses a want of care in the use of a street. The contrary has been distinctly ruled in a recent case in Iowa : Bell v. Clarion, 113 Iowa 126. Mrs. Gillard was not injured in the carriage way of the street and hence the question of the liability of the city to a person leaving the sidewalk and meeting with an accident on the roadway of the street does not arise here and need not be considered. It may be said, however, that in the states where the question has come up for adjudication it has uniformly been held that it is not negligence, per se, for a pedestrian using the care required by the circumstances to cross the traveled roadway of a street at any point : Raymond v. Lowell (Mass.), 53 Am. Dec. 59 ; Brusso v. Buffalo, 90 N. Y. 679 ; Baker v. Grand Rapids, 111 Mich. 447 ; Magaha v. Hagers-

town (Md.), 93 Am. St. Rep. 317.    The same rule obtains in England: Boss v. Litton, 5 C. & P. 407; Cotterill v. Starkey, 8 C. &. P. 691.

The question of the defendant's negligence was clearly for the jury.   The sunken or depressed condition of the sidewalk at the place of the accident was not disputed and was shown to have existed for a sufficient length of time to visit the city with notice of it.   The witnesses differed very little in their estimate of the height of the curbstone above the sidewalk and the court charged that the uncontradicted testimony showed that the curb was from three and a half to four inches higher than the pavement.   Whether that condition of the pavement rendered it unsafe for use by Mrs. Gillard at the time she was injured was manifestly not a matter of law to be declared by the court but one of fact to be found by the jury.

The night was very dark and the street was not lighted where the accident occurred.   If her testimony is believed, and it is not contradicted, Mrs. Gillard was walking slowly and carefully at the time she fell.   There is nothing whatever in the case disclosed by the record, that shows she was not exercising all the care required of her at the time she was injured. Pedestrians are not compelled to remain off the streets of a city because it is dark, but, using the care demanded by the circumstances, they may go at any hour where business or inclination takes them, and .they may assume that the municipality has performed its duty in keeping the streets in a safe condition for use both at night and during the day.   Notwithstanding the defendant's contention, the evidence does not show that "trees, posts or poles" obstructed the plaintiff's passage from the sidewalk to the roadway.   The accident occurred at a point on the curb about equidistant from two trees, located on the edge of the pavement and seventeen feet apart.   There were no posts, poles or any other obstruction at this point of the street at the time, save the depression of the pavement and the consequent projection above its surface of three bricks and the curbstone. We do not agree with the defendant's counsel that "the conditions surrounding the accident" would have justified the court in declaring Mrs. Gillard guilty of negligence.

The defendant's counsel, in support of their position that the city is not liable to the plaintiff, rely principally upon .Guinter

v. Williamsport, 208 Pa. 587, and Martin v. Williamsport, 208 Pa. 590.   But these cases are clearly distinguishable on their facts from the case at bar.   In stating the facts of those cases, it is said in the opinion of this court: "At the lot where the accident occurred the distance between the property line and the curb is twelve feet six inches ; by ordinance of the city five feet of this width next the curb was paved for sidewalk and the remaining width was used for ornamental purposes, such as grass plots, flower borders, trees and like purposes ; to protect the grass plots this wire was put up, not only at this point but on other parts of the street. . . . In this particular the city had performed its full duty to the public, that is, it had provided a reasonably safe way for the passage of the public by night and day along Fourth street.   But there was still left a space between the outer edge of the pavement and the curb of about four feet eight inches occupied as a grass plot as before stated protected by the wire ten inches high.   That it was there and so protected any resident of the city, including the plaintiff, must be assumed to have known. . . . The unpaved part of the sidewalk was being used at the time of the accident as it had been used for years and as the residents knew it was being used."   In the Guinter case, the plaintiff, turning from the paved walk to pass some ladies standing on the pavement, fell over the wire.   In the Martin case he started across the grass plot, caught his foot in the wire and fell.   This court held that under the circumstances the wire was not an illegal obstruction on the sidewalk, quoting in support of the position, from Dougherty v. Village of Horseheads, 159 N. Y. 154, as follows : "A municipality may set aside portions of the streets or sidewalks not necessary to be used for business purposes in particular localities for the construction of boulevards, parks, grass plots, the planting of shade trees, the maintenance of hitching posts, stepping stones and for other purposes useful, healthful or ornamental merely.   And may protect the same by reasonable means from the encroachments of travel. "

In the case at bar, however, the accident was caused by a failure to repair a sidewalk, the full width of which had been paved and was in use by the public.   There was no ordinance dedicating any part of the sidewalk of Seventh street for any other purpose than a pavement to be used by pedestrians.

The full width of the sidewalk at the place of the accident was, therefore, under the control and subject to the supervision of the city with the consequent duty to see that it was in a proper condition and reasonably safe for travel.    It is apparent that the Williamsport cases do not rule the case at bar.

The assignments are overruled and the judgment is affirmed.