# McIlhenney, Appellant, *v.* Philadelphia.

*Negligence—Municipalities—Streets—Contributory negligence.*

Pedestrians in going from one side of a street to the other are not confined to the regular crossings at the intersections, but may cross at any point according to their convenience. But in so doing they are bound to exercise care according to the circumstances, and especially bound to the alert and watchful performance of the duty of all travelers on all highways to look where they are going.

In an action by a woman against a city to recover damages for personal injuries sustained by tripping and falling over a curbstone which projected two or three inches above the pavement, plaintiff cannot recover where the evidence of the plaintiff herself shows that she crossed the street at the point where she fell, in such an inattentive and heedless manner that the accident was the result of her own negligence.

Argued Jan. 16, 1906. Appeal, No. 348, Jan. T., 1905, by plaintiff, from order of C. P. No. 1, Phila. Co., Sept. T., 1904, No. 2946, refusing to take off nonsuit in case of Margaret McIlhenney v. City of Philadelphia. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*Clarence S. Eastwick*, with him *Edward D. Mitchell*, for appellant.

*Joseph S. McLaughlin* and *Harry T. Kingston*, assistant city solicitors, and *John L. Kinsey*, city solicitor, for appellee, were not heard.

PER CURIAM, February 12, 1906:

Pedestrians in going from one side of a street to the other are not confined to the regular crossings at the intersections, but may cross at any point according to their convenience. But in so doing they are bound to exercise care according to the circumstances, and especially bound to the alert and watchful performance of the duty of all travelers on all highways to look where they are going: Robb v. Connellsville Boro., 137 Pa. 42.

The appellant, about nine o'clock on an October evening, while on the footwalk on Parrish street, started to cross that street diagonally about fifteen feet from the crossing at Forty-fourth, and tripped over the curbstone which at that point projected two or three inches above the pavement.    There was an electric light at the corner but the plaintiff testified that at this point "it shaded off this curb."   She further testified "I suppose I was looking ahead of me—I don't know how I was looking.   I guess I must have been looking ahead of me somewheres."   And again, "I guess I must have been looking ahead of me.   I don't know where I was looking.   As you go along or I go along, I go right on."   Though she varied the form of her expression somewhat in answer to different questions yet the substance of her testimony was the same and had at least the merit of frankness. It discloses such an inattentive and heedless disregard of the care which the situation required as to effectually defeat her right of action.

Judgment affirmed.