# Punxsutawney, Appellant, v. Carmalt.

*Road law—Curbing—Boroughs—Act of April 3, 1851, P. L. 320.*

1. Under the Act of April 3, 1851, P. L. 320, a borough has the power to require the curbing of the footwalks on its streets at the expense of the abutting owner; and such cost may be imposed upon the owner although the curb is contiguous to a paved street, and there is no sidewalk or paved footway contiguous to the curb between the curb and the property line. It is not necessary that the space allotted for a sidewalk be covered by paving. It is a sidewalk even if not paved.

2. A borough has a right to place the curb when the cartway of a street is paved, and at the same time charge the owner for the cost of the curb, although at the time there is no sidewalk or paved footway.

Argued May 3, 1910.  Appeal, No. 191, April T., 1910, by plaintiff, from judgment of C. P. Jefferson Co., Aug. T., 1908, No. 309, on verdict for defendant in case of Punxsutawney Borough v. Edward A. Carmalt.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Reversed.

Assumpsit for the cost of curbing.  Before REED, P. J.

At the trial it appeared that the defendant owned land abutting on North Main street in the borough of Punxsutawney.  On February 4, 1907, a borough ordinance was passed providing for the curbing of North Main street for a stretch, which at the time was an unimproved country road.  The entire width of the street was twenty-five feet.  The curb on either side was set twelve and one-half feet from the property line, and the space between the curb lines, twenty feet, was to be paved with brick.  There was evidence that one of the purposes of the curb was to hold the brick pavement in place, and that the borough could not build a brick pavement without the curb.  The jury returned a verdict for the plaintiff for $863.89, subject to the question of law reserved whether there was any evidence entitling the plaintiff to recover.  Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*W. M. Gillespie*, for appellant.—The space between the curb and the property line is a sidewalk even if it is not paved: Guinter v. Williamsport, 208 Pa. 587; Martin v. Williamsport, 208 Pa. 590; Beltzhoover Boro. v. Maple, 130 Pa. 335; Livingston v. Wolf, 136 Pa. 519.

*C. Z. Gordon*, with him *A. L. Cole* and *Jeff. G. Wingert*, for appellee.—The curb was not intended as a sidewalk curb; it has nothing to do with the sidewalk and there is no reason whatever for supposing that anyone ever intended it as such. It is a cartway curb pure and simple and no amount of sophistry can make it anything else.

The courts have always recognized a distinction between the street proper and the sidewalk: McMarlin v. Butler Boro., 41 Pa. Superior Ct. 20; O'Malley v. Olyphant Boro., 198 Pa. 525; Craig v. Phila., 89 Pa. 265; Seely .v. Pittsburg, 82 Pa. 360.

OPINION BY HENDERSON, J., October 10, 1910:

The power of the borough to require the curbing of the footwalks on its streets at the expense of the abutting owners cannot be denied. Such authority is expressly given by the Act of April 3, 1851, P. L. 320. It was under this act that the borough proceeded in setting the curb, for the collection of the cost of which this action was brought. No question is raised as to the regularity of the proceeding and unless the borough failed to construct a side or footwalk curb it is entitled to a judgment on the verdict. It is contended that what the defendant is charged with is a part of the improvement of a paved street and that the liability of an abutting owner therefor only arises when the improvement is undertaken on the petition of two-thirds of the owners of property representing not less than two-thirds in number of feet of the properties abutting on the street proposed to be paved as provided by the Act of April 23, 1889, P. L. 44, and that the requisite petition was not had as a condition precedent to the charging of the defendant's property with any part of the cost of the work done, and the opinion of the learned judge of the court below on the motion for judgment for the defendant non obstante veredicto shows that the judgment appealed from was entered on the theory that the curb set in the street was a cartway curb and not a sidewalk curb and therefore not an improvement for which

an abutting owner could be made liable except under the act of 1889. It is assumed that because the curb is contiguous to the paved street and there is no sidewalk contiguous to the curb or paved footway between the curb and the property line the curb is a driveway curb and not a pavement curb. If there were any statute declaring where the sidewalk curb must be located with reference to the property line or the cartway or if a practice so generally prevailed with reference to the location of sidewalk curbs that it could with certainty be said that the sidewalk curb must be contiguous to the sidewalk or not contiguous to the street pavement the conclusion reached would be well founded. The act of 1851, as amended by the Act of May 22, 1883, P. L. 39, gives to the several boroughs of the commonwealth power "to regulate the roads, streets . . . . and footwalks, . . . . and the heights, grades, widths, slopes and forms thereof, and they shall have all other needful jurisdiction over the same, and they shall have power to survey, lay out, enact and ordain footwalks . . . . and to fix the size and width thereof . . . . in accordance with the general regulations prescribed," and also "to require and direct the grading, curbing, paving and guttering of the side or foot walks by the owner or owners of land respectively fronting thereon in accordance with the general regulations prescribed." Under this authority the borough undertook to define and mark the outside lines of the wagon way and the width of the space set apart for the footwalks and the other purposes for which the sidewalk area may be used. It is not necessary that this latter space be covered by paving. It is a sidewalk even if not paved. The time when, and the manner in which, a pavement shall be laid thereon and the extent to which the space shall be covered is a subject of municipal discretion. The paved sidewalk may be, and in boroughs generally is, laid before the street is paved and in the residence portions is generally placed at a greater or less distance from the paved street. It may serve the purpose of retaining

the material used in the paving of the wagon way and still effectually establish the limit of the sidewalk. In the case of paved streets it is perhaps the general practice to set the curb along the line of the pavement and not at the outside of the paved footwalk except where the paved footwalk and the cartway are contiguous. But the curb is nevertheless a footwalk curb. The fact that it is set when the street is paved does not determine its character. It is within the authority of the borough to proceed under the act of 1889, on the petition there provided for and construct the paved street which includes a curb, but the borough is not bound so to do. It may proceed under the act of 1851 without paving the street, and the curb is to be considered as having the character which the ordinance gives it, and this is shown by the ordinance under which the borough proceeded in this case. The width of the cartway is fixed, the location of the curb line is established at the outside lines thereof and the remainder of the street is thereby set apart for sidewalk purposes. The ordinance has no reference to the paving of the cartway and the case should be disposed of from a consideration of the power of the council to enact the ordinance. The eighth section of the Act of June 4, 1901, P. L. 364, recognizes the practice with reference to the improvement of streets and provides that claims can only be filed against the owner for curbing and recurbing, paving and repaving or repairing the footway of any highway after the owner has neglected to do the work for such length of time as may be prescribed by ordinance, "except when in the case of curbing or recurbing or repaving the footway it shall form part of an improvement resulting in the paving, macadamizing or otherwise improving the cartway of said highway." Here there is a clear implication of authority to place the curb when the street is paved and at the same time charge the owner for the cost of the curb. A fact which influenced the trial judge was that after the enactment of the ordinance referred to the state highway department graded

and paved the street along which the curbs were made on some arrangement with the borough the particulars with reference to which were not proved, but we do not regard this as a consideration affecting the right of the borough to fix the curb line and require the construction of the curb.   Any aid which the state highway department furnished toward the paving of the roadway was in relief of the borough or of the abutting property owners and did not control the action of the borough council in the matter of the curbs.   That body might with entire propriety accept the grade submitted by the highway department and it is not made to appear in the argument of the learned counsel for the appellant how the defendant was prejudicially affected by such action.   In Guinter v. Williamsport, 208 Pa. 587, an ordinance set apart a space ten feet wide between the property line and the street for a sidewalk.   On this space a pavement five feet wide was laid one side of which was one foot and ten inches from the property line and the other side, three feet and two inches from the street.   The street had never been paved nor was the sidewalk separated from the street by a line of curbstone, but the demarcation between the two was noticeable.   The space between this demarcation and the property line was recognized as the sidewalk although the paved way was only five feet wide and a space three feet and two inches wide intervened between the sidewalk and the street line.   In Martin v. Williamsport, 208 Pa. 590, there was a paved sidewalk five feet in width.   Between the outer edge of the pavement and the curb there was a space four feet and eight inches occupied as a grass plot.   The distance between the property line and the curb was twelve feet and six inches.   The whole of this space was regarded as sidewalk and the portion between the paved walk and the curb was referred to by the court as the "unpaved part of the sidewalk."   In Beltzhoover v. Maple, 130 Pa. 335, the manner of construction of sidewalks with reference to property and curb lines in the city of Pitts-

burg is commented upon, from which it appears that the general method was the same there as in Williamsport and as is well known to exist in municipalities generally, outside of the business or thickly settled districts. In Dickinson v. Worcester, 138 Mass. 555, it was held that "curbstones" in the ordinance under consideration meant the curbstones which lie between the sidewalk and the part of the street devoted to carriage travel. It is not material that the curb is not made to conform to the grade of the sidewalk. The grade of the curb is fixed with reference to the grade line of the road paved by the state and the fixing of the grade of the sidewalk is a proper matter for subsequent legislation if not already done. The borough having given to the curb in question the character of a sidewalk curb and having collected the cost thereof would be estopped from asserting the contrary hereafter. It could not now take the position that the curb is constructed to define the limits of the paved way and the sidewalk and afterward require the abutting owner to construct another sidewalk curb. We regard it as settled by general usage and authority that the curb need not be contiguous to the paved portion of the sidewalk and that the space between the property line and the line designated by the borough authorities as that set apart for a wagon way is the side or footway in the ordinary streets of boroughs and that the construction of a curb along the line marking this division of the street is a side or footwalk curb within the meaning of the act of assembly. We are therefore constrained to hold that the plaintiff is entitled to the verdict recovered.

The judgment is therefore reversed and judgment is now entered for the plaintiff on the verdict.