## Foster v. Philadelphia, Appellant.

*Negligence—Municipalities — Sidewalks — Pedestrian — Contributory negligence.*

1. Where a pedestrian, in the darkness, steps into a hole in a sidewalk, long out of repairs, and is injured, the question of the city's negligence, and the pedestrian's contributory negligence is for the jury.

2. The fact that the pedestrian stepped on the sidewalk from the cartway not at a crossing, is immaterial.

3. A pedestrian may use any part of the sidewalk and cannot be charged with negligence because he stepped upon it from the curb or the street.

Argued January 20, 1925. Appeal, No. 39, Jan. T., 1925, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1921, No. 7301, on verdict for plaintiff, in case of Joseph F. Foster v. City of Philadelphia. Before

394    FOSTER *v.* PHILADELPHIA, Appellant.

MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEP-HART and SADLER, JJ.    Affirmed.

Trespass for personal injuries.    Before STERN, P. J. The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $9,500.    Defendant appealed.

*Error assigned* was refusal of judgment for defendant n. o. v., quoting the record.

*David I. Scanlon,* Assistant City Solicitor, with him *Bernard J. O'Connell,* Assistant City Solicitor, and *Joseph P. Gaffney,* City Solicitor, for appellant, cited: Montgomery v. Phila., 270 Pa. 346; Watts v. Boro., 255 Pa. 185; Lerner v. Phila., 221 Pa. 294; Robb v. Boro., 137 Pa. 42.

*Augustus T. Ashton,* with him *Victor Frey,* for appellee, cited: Miller v. Elec. Light Co., 212 Pa. 593; Greene v. Phila., 279 Pa. 389.

OPINION BY MR. JUSTICE WALLING, February 9, 1925:

This appeal is by the defendant city from judgment entered against it in an action by the plaintiff, Joseph F. Foster, for personal injuries caused by falling upon a sidewalk.    On the evening of January 23, 1922, plaintiff, a pedestrian, came to the northeast corner of Fifteenth and Porter streets, Philadelphia, intending to cross the latter street by the cross walk along the east side of the former, but finding it temporarily blocked by a west-bound trolley car in Porter street, walked in a southeasterly direction across the street back of the car, and safely reached the south curb of Porter Street, about sixty feet east of Fifteenth Street.    The cement sidewalk there was and had been for a year out of repair and settled so its surface was about six inches below that of the curb.    Plaintiff, who did not know this de-

fective condition and failed to see it because of the darkness, fell and was seriously injured as he stepped from the curb onto the walk.

The question of defendant's negligence was clearly for the jury; the main defense, however, was that of contributory negligence, which might have prevailed had it been light (Gryning v. Phila., 269 Pa. 277; Lerner v. Phila., 221 Pa. 294; Robb v. Connellsville Borough, 137 Pa. 42), but, being dark, that question was also for the jury (Greene v. Phila., 279 Pa. 389, and cases there cited), as plaintiff testified he was watching his steps and while the sidewalk was visible he could not see that it was below the curb.

Defendant further contends plaintiff was negligent in not waiting until the street car had passed when he could have used the cross walk which was safe and well lighted. In support of this, our attention is called to the rule that where a city maintains safe cross walks it is not liable to pedestrians for injuries suffered while unnecessarily crossing the street at other points, although caused by such defects in the cartway as show municipal neglect. We have so held (Montgomery et ux. v. Phila., 270 Pa. 346; Watts v. Plymouth Boro., 255 Pa. 185) but that rule is not applicable here, as plaintiff was hurt on the sidewalk and not in the cartway. A pedestrian may use any part of the sidewalk and cannot be charged with negligence merely because he stepped upon it from the curb or from the street. People alighting from vehicles constantly pass from cartways to sidewalks and are not negligent by so doing, neither is a pedestrian: Gillard v. City of Chester, 212 Pa. 338.

The single assignment of error, being the refusal to enter judgment for the defendant, is overruled and the judgment is affirmed.