## Murtha et ux. *v.* City of Phila., Appellant.

Argued October 4, 1933.

Before KEL-
LER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and
JAMES, JJ.

*John J. K. Caskie,* Assistant City Solicitor, and
with him *I. G. Gordon Forster,* Assistant City So-
licitor, and *David J. Smyth,* City Solicitor, for ap-
pellant.

*William Sandberg,* for appellees.

OPINION BY JAMES, J., March 13, 1934:

Plaintiffs instituted suit against the City of Phila-
delphia for personal injuries to the wife plaintiff
caused by stepping into a hole in a street pavement
while alighting from a car of the Philadelphia Rapid

Transit Company. Later, the city, by scire facias, added the Philadelphia Rapid Transit Company as a party defendant. At the trial the court directed a verdict in favor of the transit company and submitted the case against the city to the jury, which found for the plaintiff. A motion for a new trial by the city on the verdict rendered in favor of the transit company was granted but the motion by the city for judgment n. o. v. was refused.

At 6:00 P. M., on October 22, 1928, which was after dark, Mary G. Murtha, the wife plaintiff, alighted from a car of the Philadelphia Rapid Transit Company which was bound south on Nineteenth Street in the City of Philadelphia, at a point opposite the premises No. 108 on Nineteenth Street, the fifth house from the corner of Arch Street. This point was about one hundred feet north from Arch Street, the street car having stopped there to discharge passengers because there was another street car ahead of it which had stopped at the north corner of Arch Street. The car was a center side exit car with a drop step. When the car stopped the conductor opened the side door and the wife plaintiff was the first passenger to get off. As she alighted from the car she stepped into a hole in the street pavement, causing her to fall, from which she suffered the injuries complained of. The hole in the pavement was about 15 inches by 24 inches and about 6 inches deep and the shadow cast by the drop step and her own body prevented her from seeing it.

The hole in the street had been there for a period of about four months and it was not questioned that it had been there a sufficient length of time to charge the city with constructive notice of its existence.

Appellant contends (1) that plaintiff did not make out a case free from contributory negligence, and (2) that the defendant's negligence was not the proximate cause of the plaintiff's accident.

(1)  The testimony shows that the street car had stopped to permit passengers to alight and while plaintiff was in the act of alighting, by reason of the shadow cast by the step and her own shadow, she was unable to see the hole in the pavement.  It was not her duty to retain a hold upon the car and grope with her foot to determine that where she was placing her foot was free from holes or obstructions.  She had a right to assume, when she could not see by reason of the shadows, that the pavement was in proper condition.  Whether she did observe or could have observed the hole was a question for the jury.  We fail to find from the testimony sufficient to justify us in finding as a matter of law that she was guilty of contributory negligence.

(2)  The question upon which most stress is laid and most space devoted in appellant's argument is that of proximate cause; it is argued that it was the negligence of the traction company and not of the city that was the proximate cause of plaintiff's injuries.  In our opinion the question of proximate cause does not arise in the instant case as it was the duty of the City of Philadelphia to so maintain its public streets that they were reasonably safe for ordinary use.  Permitting a hole such as has been described in this case to remain in a public street for a period of four months under the circumstances surrounding this case is an act of negligence and the natural and probable consequence thereof might and should have been foreseen by the city.

In  Burrell  Township  v.  Uncapher  et al.,  117 Pa. 353, 11 A. 619, the court said (p. 362): "In our judgment, no question involving the distinction between proximate and remote cause arises in this case.  The defendant owed a duty to the plaintiff as one of the public to keep a reasonably safe road at the place where this accident happened.  If

that was not done, the omission was an act of negligence on the part of the defendant, and if, in consequence of that negligence, an injury was sustained by the plaintiff, the defendant is responsible in damages to the plaintiff. It is no answer to this to say that some one else was also guilty of another act of negligence, in consequence of which the plaintiff's injury was suffered. If both the defendant and other parties were derelict, the plaintiff might proceed against either, though of course only one actual recovery of damages for the same injury could be permitted. Between the two alleged acts of negligence in the present case, there is no relation of proximity or remoteness, in the sense in which the law regards that subject, so as to postpone the liability of one, because of the liability of another, or because of the intervention of an intermediate agency.'' To the same effect is McKim v. Philadelphia, 217 Pa. 243, 66 A. 340.

As we read this record, this case does not fall within the cases of Stone v. Philadelphia, 302 Pa. 340, 153 A. 550, or, Hoffman v. McKeesport, 303 Pa. 548, 154 A. 925, relied upon by counsel for appellant. In both of those cases it was established beyond question that the act or omission of the third party was the immediate cause of the injury.

The judgments are affirmed.