## Schwabenland v. City of Philadelphia

*Robert M. Bernstein* and *A. F. Daix, 3d,* for plaintiff.
*I. G. Gordon Forster,* for defendant.

MacNeille, J., April 5, 1935.—We are considering defendant's motions for a new trial and for judgment n. o. v.

The defendant has made no point in its argument, or in its brief, which if conceded would result in a new trial, so that our consideration is directed to its motion for judgment n. o. v.

Suit is by a plaintiff widow seeking to recover for the loss of her husband, whose death occurred as a result of the accident at 5632 Gainor Road, which address is on the south side of that road which runs east and west. There is adjacent to the curb, and resting in the sidewalk, a sewer inlet which contains two lids, each weighing about 42 pounds and each about 15½ inches square and five eighths of an inch thick. One of these lids rested in such a position that two diagonal corners were in place and the other two diagonal corners were not. The decedent stepped on this plate, the one diagonal corner went down, the opposite corner was forced upward, presenting a right angle point which entered the body of the decedent at or about the groin as he with his full weight fell upon it. This resulted in the injuries from which he died.

The inlet is in a grass plot on the sidewalk; paralleling the grass plot is a paved walk, beyond which is more grass and a terrace in front of the houses. The houses are in pairs, and have a common lateral walk about 3 feet wide leading to the sidewalk, and which extends beyond until it connects with the curb.

Defendant contends that decedent was negligent in that he did not use this lateral extension in preference to crossing the grass plot which contained the inlet.

The accident happened about 10 o'clock at night when it was rainy and misty, having rained all day. The plaintiff described the place of the accident as being dark all along the sidewalk, and the vicinity of the inlet was dirty and strewn with leaves.

The decedent stopped with the right side of his car adjacent to the inlet and facing eastwardly; he got out of his driver's seat on the left hand side of the car, passed around its front and opened the doors on the right side to help his wife and son to alight. He then entered the home, 5632 Gainor Road, before which he had stopped to call on his brother's family. Upon leaving, about an hour later, he helped his son into the right front seat and his wife into the back seat, and then started toward the back of his car in order to pass around to the driver's seat. Immediately his wife and son heard a groan: they jumped from the car and saw the decedent in the inlet straddling the lid.

The testimony established that the decedent had not visited his brother's home for nearly a year, and that before that he did so only two or three times a year. There was no evidence from which we could conclude that he knew of the dangerous condition of the inlet.

Defendant feels that it should have judgment in its favor because of the decedent's contributory negligence in that he could have avoided all danger by using the concrete lateral walk.

Since this walk was only 3 feet wide, it is obvious that a car, which is over twelve feet long, could not stop wholly in front of it. Of course if there were evidence to show that the decedent knew of the dangerous condition, he would have been testing a danger of which he had knowledge. The condition which caused the accident had existed for a matter of a few days, and, as far as the facts in this case are concerned, it was impossible for the decedent to have known about the inlet lid, even if he remembered that the inlet was there. It is also true that if the inlet lid had been in proper position the point at which decedent chose to cross was probably as safe as any other point.

Defendant calls our attention to the case of Boyd et al. v. Kensington Water Co., 316 Pa. 522. In that case there

was a water box in a grass plot in front of plaintiff's home where she had lived for 1 year, and the condition of which she complained existed for at least that length of time. The grass plot was not on the sidewalk, and, although there was a well lighted course available to plaintiff, she chose to walk where it was very dark.

In the instant case the plaintiff did not have such a close familiarity with the vicinity, and the condition that caused the accident had not lasted for a year but for a matter of a few days, and while the sewer inlet was not in the paved pathway of the sidewalk, it was nevertheless in the sidewalk. There is no evidence that one point at which the decedent could have crossed was any lighter than the point at which he did cross. The whole area was dark. We do not think that the decision referred to can be said to govern the instant case.

Wherefore, the motion for judgment n. o. v. is overruled, and, for the reasons heretofore given, the defendant's motion for a new trial is overruled.